269 So.2d 380 (1972)
George V. WARREN, et al., Appellants,
v.
Nicholas J. CAPUANO, Appellee.
No. 72-16.
District Court of Appeal of Florida, Fourth District.
November 2, 1972.
Rehearing Denied December 13, 1972.
R. William Rutter, Jr., and Michael B. Small, West Palm Beach, for appellants.
Nicholas J. Capuano, Miami, for appellee.
LESTER, M. IGNATIUS, Associate Judge.
This is an appeal from a final summary judgment rendered by the Circuit Court for Palm Beach County, Florida, in an action to recover taxable costs expended by the appellee, Nicholas J. Capuano, who was the defendant in the Criminal Court of Record of Palm Beach County, Florida.
Capuano had made extensive preparation for trial in defending two charges involving extortion and giving false information to a police officer. A few days prior to the fixed first trial date, the trial court continued the case against the defendant. Immediately prior to the second trial, the county solicitor entered a nolle prosequi, and the defendant was discharged.
The trial judge of the said criminal court of record by its order dated April 15, 1971, found that Capuano as defendant in said criminal case was entitled to recover proper taxable costs subject to the provisions of the Florida Statutes § 939.08, F.S.A., and such costs were certified to the Board of County Commissioners of Palm Beach County who denied Capuano petition for the payment of such court costs. Capuano then instituted his action in the circuit court for the payment of the costs by the county to recover the amount of $2,124.64, *381 expended for witness fees and mileage, bail bond premiums and filing fees. The circuit judge in his summary judgment ordered the reimbursement of the costs petitioned by the defendant with the exception of a bail bond premium expense of $150 and a hotel expense of $85.82, and granted a judgment for $1,882.82 against the said board of county commissioners.
The issue is whether or not the appellee having been a solvent defendant in criminal court and having been discharged was entitled to be refunded taxable costs expended by him in the preparation of his defense at a scheduled trial.
Costs incurred in criminal cases were unknown to the common law. As a consequence, recovery and allowances of such costs rest entirely on the statutory provisions and no right to or liability for costs exists in the absence of statutory authorization. Wood v. City of Jacksonville, 248 So.2d 176 (Fla.App. 1971); 20 Am.Jur.2d Cost § 108 at 82; 20 C.J.S. Costs § 441 at 687.
The appellee relies on Section 939.06, Florida Statutes, F.S.A., for authority to place liability on the county for the costs of depositions sought to be refunded to him. The wording of the statute supports his position.
The appellant had contended that the costs of witness fees are limited by the provisions of Florida Statutes § 939.07, F.S.A. The appellee takes the position that if the approval of the judge is required to summon witnesses, the approval is only necessary in case of insolvent defendants. The appellee also relies on Section 142.09, Florida Statutes, F.S.A., as authority to require the county to pay for witness fees if a nolle prosequi has been entered.
In considering the provisions of Florida Statute § 48.021, F.S.A., the appellee may be reimbursed the cost of private process service in Dade County.
The appellant takes the position that the appellee voluntarily forwarded funds to a witness outside the state, since the appellee did not comply with the limitations of Florida Statute § 939.07, F.S.A. and to meet the requirements of Florida Statutes ch. 942, F.S.A., relating to the extradition of witnesses. It appears in the record that there was compliance with the requirements of Florida Statutes ch. 942, F.S.A. The appellee is entitled to the reimbursement of mileage and per diem of the witness summoned in another state.
Not only is there authority for the payment of costs in criminal proceedings found in the above quoted statutes, it is also found in § 19, art. I of the 1968 revision of the Florida Constitution, F.S.A. which provides:
"No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final."
This section was derived from § 14, Declaration of Rights, of the Constitution of 1885.
Section 9, article XVI, of the Florida Constitution of 1885 reads as follows:
"In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law, and all fines and forfeitures collected under the penal laws of the State shall be paid into the county treasuries of the respective Counties as a general County fund to be applied to such legal costs and expenses. Amended, general election 1894."
Even though the above § 9, art. XVI, was not embraced in the 1968 revision of the Florida Constitution, it was preserved by § 10 of article XII of the said 1968 revision of the Constitution provided it was not inconsistent with the said revision and *382 shall become a statute subject to modification or repeal as are other statutes.
The courts have historically followed the direction of the constitution and the statutes and have held that the defendants in criminal cases who are acquitted or discharged be allowed cost, and that the cost should be paid by the county. De Soto County Com'rs v. Howell, 51 Fla. 160, 40 So. 192 (1906); Buckman v. Alexander, 24 Fla. 46, 3 So. 817 (1888).
Accordingly, since no reversible error has been demonstrated in the summary judgment entered by the lower court, it is
Affirmed.
REED, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I agree with the general proposition of law that the recovery and allowance of costs must rest entirely on the existence of statutory authorization. F.S., Section 939.06, F.S.A. permits an acquitted (non-indigent) defendant to recover "taxable costs" which may have been prepaid. Expenses incurred by a non-indigent defendant by way of deposition court reporter fees are not, in my opinion, within the statutory scope and intention of the phrase "taxable costs."
Nothing in ch. 939 or in § 9, article XVI of the state constitution reflects the presence of the necessary legal authorization for a non-indigent defendant to recover from the county upon his discharge any sum expended in his defense except a "taxable" item of costs which he may have prepaid.
For this court to include the payment of a court reporter fee within the phrase "taxable costs" would require us to give that phrase an interpretation beyond the contemplation of the legislature. As heretofore noted, the liability of costs is of statutory origin and legislative in character. Until and unless the legislature clearly spells out and delineates with particularity the liability for court reporter fees, it is my view that a non-indigent claimant is not entitled to recover this expense from the county.
Accordingly, I would reverse that portion of the final judgment relating to the liability of the county for court reporter fees.