LILES, Acting Chief Judge.
Petitioner was tried and acquitted for possession of barbiturates and marijuana in the Court of Record in and for Hills-borough County. Following the trial, he filed a motion pursuant to F.S. § 939.06, F.S.A., to be reimbursed for costs incurred by him in the defense of his cause. The motion was denied and petitioner petitioned for certiorari in this court and certiorari was subsequently granted.
Petitioner sets forth several items which he believes are taxable costs. Among these are airplane fare to California, parking and car rental, hotel bill, meals and court reporter fees incurred in obtaining the deposition of a witness for the defense. The deposition was used at the trial and petitioner now maintains that these expenses are taxable costs.
Florida Statutes § 939.06, F.S.A., provides in part:
“No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court . If he shall have paid any taxable costs in the case, the . . . justice shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.”
Petitioner relies on Warren v. Capuano, 269 So.2d 380 (4th D.C.A.Fla.1972), which held that costs of private process, reimbursement for mileage and per diem for out of state witness were taxable costs under F.S. § 939.06 and § 142.09, F.S.A. In that case the state entered a nolle prosequi but here the petitioner was tried and acquitted.
We do not here set forth what costs should be taxed since it is our view that this decision should be «made by the trial judge. It should be made pursuant to the above-quoted statute as interpreted in Capuano, supra.
Writ of certiorari granted and the cause remanded for further proceedings not inconsistent herewith.
HOBSON, J., concurs.
McNULTY, J., concurs specially with opinion.