QUESTIONS: 1. Should the county in which the criminal action is pending pay for the state attorney's copy when depositions are taken of the state's witnesses in a criminal case by a defense attorney before a court reporter, pursuant to Rule 3.220 CrPR, and the state attorney desires a copy of said deposition? 2. Should the expense be borne by the county in which the criminal action is pending when the state attorney desires to take the testimony before a court reporter of the defense witnesses? 3. Should the expense be borne by the county in which the criminal activities under investigation are being conducted when the state attorney desires to take testimony of witnesses before a court reporter in matters he is investigating and no criminal charge has been made?
SUMMARY: The expense of the state attorney in procuring a copy of a deposition taken by the defendant under Rule 3.220 CrPR must be borne by the state attorney, payable out of his operational budget. Pending judicial clarification, the expense of the state attorney in taking the deposition of defendant's witnesses, unless it is used in the trial of the cause and becomes part of the court cost, must be paid by the state attorney. Preindictment and preinformation investigation expenses are not the responsibility of the county unless they are assessable as court costs under an applicable statute or rule. AS TO QUESTION 1: There is no statutory provision or rule of procedure providing that the expense of procuring a copy of a deposition taken pursuant to Rule 3.220 CrPR may be taxed as a court cost pursuant to s. 939.01, F.S., which must be paid by the county upon the discharge or insolvency of the defendant under ss. 939.07 and 939.15, id. It is well settled that, independently of special statutory authorization, the court has no power to award costs against a defendant on conviction. Lindsey v. Dykes, 175 So. 792 (Fla. 1937). Accord: Attorney General Opinions 068-28, 072-60, and 074-301. Presumably, if transcribed by the reporter, the original of the deposition is in the court file in the cause and is available to any party at the trial to contradict or impeach the testimony of the deponent as a witness. I have considerable doubt, therefore, that the expense incurred by a state attorney in obtaining a copy of a deposition of a witness could be taxed against a convicted solvent defendant as a "cost of prosecution," as authorized by s. 939.01; and, as noted above, there is no statute or rule specifically providing that such an expense may be taxed as a court cost.
Accordingly, pending legislative or judicial clarification, I have the view that the state attorney's expense in obtaining a copy of a deposition of a state witness taken by the defendant is not a proper item to be included as a part of the "legal costs and expenses, including the fees of officers," which under ss. 939.07 and 939.15, supra, must be paid by the county when a defendant is discharged or insolvent. The expense of procuring a copy of a deposition should not be confused with the expense of taking a deposition, the latter of which under certain circumstances may be a taxable cost for which a discharged defendant may be reimbursed by the county. Cf. Lunetto v. State, 274 So.2d 251 (2 D.C.A. Fla., 1973). Your first question, therefore, is answered in the negative. AS TO QUESTION 2: This question concerns the payment of the expense of the state attorney in taking the deposition of defense witnesses. As discussed previously, an expense may be charged to the county when the defendant is discharged or adjudged insolvent only if it is taxable as a proper court cost, s. 939.15, F.S., or is otherwise required by law to be paid by the county. Rule 3.220(k) CrPR provides: After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county. (Emphasis supplied.) The committee notes appended to the predecessor Rule 3.220(i) — which is identical to present Rule 3.220(k) — states that the purpose of the rule is to comply with recent federal decisions which hold that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Rule 3.220(k) specifies that the county be taxed after a defendant is adjudged insolvent for the "reasonable costs incurred in the operation of these rules. . . ." (Emphasis supplied.) Rule 3.220(d) CrPR provides for discovery by the defendant and, as noted in the committee notes, was a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that the defendant should not be allowed any discovery depositions at all. The state attorney derives his power to summon and examine witnesses not from these rules but from both the common law and the Florida Statutes. State v. Mitchell,188 So.2d 684 (4 D.C.A. Fla., 1966), opinion adopted 192 So.2d 281
(Fla. 1966); and s. 27.04, F.S. In AGO's 074-301 and 073-85, in construing Rule 3.220(k) CrPR, I made the broad statement that The clear implication of this provision of the Rule is that the "reasonable cost" of the deposition procedure authorized by Rule 3.220, supra, is to be considered a "court cost" to be paid as provided by Ch. 939, F.S. In those opinions I was not faced with the specific question that is before me now; but, to the extent necessary, I hereby clarify those opinions as herein noted. The intent in promulgating the rule was to eliminate the disparity among defendants; and this purpose and intent would not be served by applying the rule to discovery costs by the state attorney. I have the view, therefore, pending judicial clarification, that the cost of discovery pursuant to Rule 3.220, supra, by the state attorney is borne by that office unless the deposition is placed into evidence and becomes a court cost. AS TO QUESTION 3: The county is required to pay only those expenses incurred in the actual trial proceedings and not expenses incurred in preliminary investigations by the state attorney prior to the finding or filing of an information or indictment charging the commission of a crime. This interpretation has been reaffirmed by me in AGO 071-26 (involving preliminary and grand jury proceedings), AGO 072-39 (involving the expenses of a reporter in taking and transcribing, at the request of the state attorney, preliminary hearings and depositions in criminal proceedings), and in a letter to the Honorable J. H. Guerry, dated January 12, 1971 (involving preindictment or preinformation criminal investigations). Thus, as I stated in AGO 074-301: . . . The pretrial expenses of preliminary hearings, criminal investigations and grand jury hearings that do not become a part of the court costs are payable from funds allocated to the operating expense of the state attorney's office and may not be charged against the county. Your third question, therefore, is answered in the negative.