QUESTIONS: 1. Is the board of county commissioners responsible for payment of expenses for copy work pertaining to criminal prosecutions or should that expense be borne by the applicable state agency, i.e., the state attorney, public defender, or parole and probation office? 2. Is the board of county commissioners responsible for the clerk's fee authorized by s. 28.24(23), F.S., for payment of witnesses and making and reporting witness payrolls to the state comptroller? 3. Is the county responsible for payment of cost and fees under the Uniform Reciprocal Enforcement of Support Act?
SUMMARY: Pending legislative or judicial clarification, the expense of the clerk's fee under s. 28.24(7), F.S., incurred by the state attorney, public defender, or the Parole and Probation Commission in obtaining copies of public records in connection with criminal prosecutions, may not be assessed as "court cost" and charged against the county when the defendant is discharged or insolvent under s. 939.07, F.S., unless such documents or records are placed in evidence and used in the trial of the criminal case. The clerk's fee for payment of witnesses and making and reporting the witness payroll to the State Comptroller, as authorized by s.28.24(23), F.S., is not a "court cost" chargeable against the county when the defendant is discharged or insolvent. The clerk's fees in proceedings under the Uniform Reciprocal Enforcement of Support Act, Ch. 88, F.S., may be charged against the county in the court's discretion, except when the proceedings are initiated by another state or agency thereof. The clerk is not entitled to a fee when such proceedings are instituted by an individual plaintiff. AS TO QUESTION 1: As noted in Warren v. Capuano,269 So.2d 380 (4 D.C.A. Fla., 1972), Costs incurred in criminal cases were unknown to the common law. As a consequence, recovery and allowances of such costs rest entirely on the statutory provisions and no right to or liability for costs exists in the absence of statutory authorization. Section 939.01, F.S., provides that "[i]n all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person." (Emphasis supplied.) And s. 939.07, id., provides that, "where a defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases . . . ." See also s. 939.15, id., providing the procedure for the payment by the county of the "costs allowed by law" when the defendant is insolvent or discharged. As noted in AGO 074-301, these statutory provisions . . . have been consistently interpreted by this office, to include only those costs incurred in the actual trial proceedings — that is, the proceedings had after the return of an indictment or information — and not to include expenses incurred in preliminary hearings and investigations by the state attorney prior to the finding or filing of an information or indictment, charging the commission of a crime. See also s. 142.01, F.S., creating a county fine and forfeiture fund and providing that these funds "shall be paid out only for criminal expenses, fees and costs, where the crime was committed in the county and which fees and costs are a legal claim against the county. . . ." (Emphasis supplied.) There is no statutory provision or rule of procedure specifically requiring the county to bear the cost of copy work done for the state attorney by the clerk pursuant to s. 28.24(7), F.S., in connection with a criminal prosecution or designating such an expense as a taxable "cost of prosecution" under s. 939.01, supra. See also AGO 075-271 holding that there is no statutory provision or rule of procedure providing that the expense of procuring a copy of a deposition taken pursuant to Rule 3.220 CrPR may be taxed as a court cost pursuant to s. 939.01 which must be paid by the county upon the discharge or insolvency of the defendant under ss. 939.07 and 939.15, F.S., and that such expense must be borne by the state attorney and paid out of his operational budget. The county is not required to pay all the expenses of prosecution when the defendant is discharged or insolvent, but only those expenses that are taxable as court costs under special statutory authorization; and, in the absence of such authority, costs may not be awarded. Lindsey v. Dykes, 175 So. 792 (Fla. 1937); Warren v. Capuano, 269 So.2d 380 (4 D.C.A. Fla., 1972), aff'd282 So.2d 873. Accord: Attorney General Opinion 072-60. Section 28.24(7), F.S., provides for a service charge by the clerk of the circuit court for making copies of any instrument in the official records. And, pending legislative or judicial clarification, I have the view that, in order for the expense of this service to be considered a cost of prosecution that is properly chargeable to the county upon discharge or insolvency of the defendant, the instrument copied for the state attorney or public defender must be placed in evidence and used in the trial of the criminal case. Cf. AGO's 075-271, 074-301, 072-39, and 071-26. AS TO QUESTION 2: The clerk of the circuit court is required to make out a payroll when witnesses before a grand jury or prosecuting attorney are paid from state funds. Section 40.34, F.S. In AGO 058-313, one of my predecessors stated under what circumstances state funds should be used: Witnesses called to testify before the grand jury, or before the state attorney when investigating crime and determining whether an information should be filed or not, are to be paid by the state; witnesses who testify at the trial are to be paid by the county. The clerk is entitled to the service charge as prescribed in s. 28.24(23), F.S., for "paying of witnesses and making and reporting payroll to state comptroller." (Emphasis supplied.) There is no statutory provision which would require a county to bear the expense of this service. Nor could it be considered a "cost of prosecution" of a particular defendant, for obvious reasons, and thus it cannot be charged against a county under Ch. 939, supra. Cf. AGO's 074-301, 073-21, 072-39, and 071-26. Your second question is, therefore, answered in the negative. AS TO QUESTION 3: The county's responsibility for the payment of the clerk's fee for services rendered in proceedings instituted under the Uniform Reciprocal Enforcement of Support Law, Ch. 88, F.S., is set out in s. 88.151. Regardless of whether Florida is the initiating state or the responding state where proceedings are instituted by an individual plaintiff, he or she is entitled to have the services of the clerk, sheriff, and court reporter performed in this state "without paying any costs or fees or giving any security therefor." If Florida is the responding state and the court enters an order requiring the defendant to furnish support or reimbursement therefor, the order may require the defendant to pay all costs, charges, and fees in the proceedings incurred in this state; or it may in its discretion order that "the costs, charges and fees, except clerk's fees incurred in an action brought by or through the state or an agency thereof, to be paid by the county." Section 88.151(3). However, if Florida is the initiating state, "the court may in its discretion order that the costs, charges and fees incurred in this state be paid by the county." Section 88.151(4). Subsection (1) of s. 88.151 provides that no clerk's fee shall be required of "a state or an agency thereof" where an action is brought by or through a state or an agency thereof. In sum: The clerk is not entitled to a fee when the proceeding is brought by an individual plaintiff. The county may be required to pay the clerk's fees incurred in this type of proceeding except when an action is brought by or through another state or an agency thereof.