414 So.2d 278 (1982)
ORANGE COUNTY, Florida, Appellant/Cross-Appellee,
v.
Lelan Dale DAVIS, Appellee/Cross-Appellant.
No. 82-90.
District Court of Appeal of Florida, Fifth District.
May 26, 1982.
Scott E. Wilt, Asst. County Atty., Orange County Legal Dept., Orlando, for appellant/cross-appellee.
*279 Chandler R. Muller of Muller & Kirkconnell, P.A., Winter Park, for appellee/cross-appellant.

ON MOTION TO DISMISS
COWART, Judge:
This appeal arises from a dispute over a criminal defendant's entitlement to costs after successfully defending the criminal charges.
Davis was originally charged with first-degree murder, which charge was ultimately dismissed by the trial court. Of course, the only parties to this criminal proceeding were Davis, as defendant, and the State of Florida, as plaintiff. Davis then, in this same case, filed a motion to tax costs against the State of Florida, seeking reimbursement for numerous expenses incurred in preparing his defense. Orange County filed a response in opposition to Davis' motion, contesting his entitlement to certain items sought to be recouped. Although not a proper party in the criminal case, Orange County responded, contending that, since it would ultimately become responsible for the payment of all proper costs, denying the county an opportunity to be heard would effectively deny it due process. The trial court ultimately entered an order specifying certain items of cost as certified for payment and denying all others. The order additionally directed that the certified costs "when audited and approved, according to law, be refunded by the Board of County Commissioners... ." Orange County filed its notice of appeal twenty-eight days later, appealing the costs certified, and Davis filed his notice of cross-appeal eleven days after the county's notice, cross-appealing the denial of certain items.
On appeal, Davis has filed a motion to dismiss Orange County's appeal, arguing first, that Orange County was never a party in the lower court proceeding and second, Orange County's notice of appeal should have been filed within fifteen days, since this is an appeal from a criminal case. See Fla.R.App.P. 9.140(c)(2). Orange County also has filed a motion to dismiss Davis' cross-appeal, arguing the order appealed is a non-appealable, non-final order and that the trial court lacked jurisdiction over the county so that the county is not a proper party to the cross-appeal. We dismiss both appeals.
These motions raise several interrelated issues: (1) what is the effect of the appealed order; (2) who is a proper party at this point in the proceeding; and (3) what is the proper procedure to recover costs in a criminal case. The statutes provide the answer.
Section 939.06, Florida Statutes (1981), is the operative statute in the instant case and provides:
Acquitted defendant not liable for costs.  No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
Thus, when an acquitted or discharged defendant has paid any taxable costs, he must first petition, in the criminal proceeding, the trial judge or court clerk to certify he has paid such costs. Armed with such certification, he next must present his claim to the board of county commissioners. The county commissioners then consider the former defendant's various items claimed and reimburse all legal claims.[1] If the former *280 defendant disputes the commissioners' refusal to pay any particular item, the defendant can sue the county in a separate civil action.
Under this procedure, the initial criminal trial court's order certifying the defendant has paid certain items is purely ministerial. If certain items are refused certification, the dispute is between the defendant and the trial judge in the criminal case and mandamus is the proper remedy. However, certification is only evidence of payment; it is not evidence that the cost is recoverable. The appropriateness of reimbursement for any particular item is not truly put in issue until the county commission denies payment and a civil suit is brought; this way, the real parties in interest (being the former defendant and the county) and the question of the appropriateness and reasonableness of the claimed item are all properly before the court. This procedure sufficiently provides the litigants their due process right to be heard and insures the judicial interest in an impartial decision based on an adversary litigation between real parties in interest. This was the procedure followed in Warren v. Capuano, 269 So.2d 380 (Fla. 4th DCA 1972), aff'd, 282 So.2d 873 (Fla. 1973).
Thus, Orange County's appeal from the trial court's order certifying certain items for payment is dismissed as an unauthorized appeal of a nonfinal order. Davis' cross-appeal is also dismissed as an untimely request for review of the denial of certification of certain items.[2] Accordingly, both the appeal and cross-appeal are hereby
DISMISSED.
COBB and FRANK D. UPCHURCH, JJ., concur.
NOTES
[1] Section 939.08, Florida Statutes (1981), provides:

Costs to be certified by county commissioners before audit.  In all cases wherein is claimed the payment of bills of costs, fees or expenses, other than juror and witness fees, in the prosecution of any criminal case which are payable by the county, an itemized bill or statement thereof shall be submitted to the county commissioners of the county in which such cases are prosecuted, and the same shall not be paid until the board of county commissioners shall have approved it and certified thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein.
[2] As previously noted, if Davis desired to contest the trial court's denial to certify certain items for payment, his remedy is a petition for mandamus. Unfortunately, even if his cross-appeal were considered as such, see Fla.R. App.P. 9.040(c), it would fail to include a proper party, see State v. Gordon, 107 So.2d 401 (Fla. 2d DCA 1958).