450 So.2d 1150 (1984)
James Ronald BOTHWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-652.
District Court of Appeal of Florida, Second District.
April 25, 1984.
Rehearing Denied June 7, 1984.
*1151 John Duffy, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant challenges two trial court orders concerning taxable costs incurred in a criminal trial where the defendant was acquitted.
The state charged James Ronald Bothwell with three counts of vehicular homicide and three counts of DUI manslaughter. After a jury trial he was found not guilty on all counts. On January 19, 1983, Bothwell filed a motion to tax costs pursuant to section 939.06, Florida Statutes (1981), which provides that an acquitted defendant shall not be liable for taxable costs he has paid. Under the statute, the clerk or judge shall give him a certificate of payment of such costs, which, when audited and approved, shall be refunded to him by the county.
At a hearing on defendant's motion, the state informed the trial judge that it had "no objection" to the granting of the motion. On February 3 the trial court entered an order certifying taxable costs in the amount of $5,579.57, the full amount requested by defendant. This amount was paid in full by Pinellas County on February 14.
Subsequently, on February 24 the state filed a motion for reconsideration of taxable costs with the trial court. In addition, the state sought an order for the payment of an expert witness fee for the testimony of one of its expert witnesses rendered at a deposition conducted by Bothwell's attorney. The trial court responded by entering two separate orders on March 9. One required *1152 defendant to repay the county $2,595.16 of the sums the county had paid him. The other order provided that $190 for special expert testimony be "paid as costs of suit incurred by the State." Defendant filed a notice of appeal on March 24, seeking review of the two orders.
Originally, neither party addressed the issue of whether the trial court had jurisdiction to consider the state's motion for reconsideration, which was filed more than ten days after the entry of the original judgment for costs. See Fla.R.Civ.P. 1.530; Fla.R.Crim.P. 3.590. After oral argument, we directed counsel to file written memoranda addressing whether the trial court had jurisdiction to enter its order of March 9.
After further review, we conclude that the trial court lacked jurisdiction to enter its order reducing the taxable costs.
The parties agree that the taxation of costs under section 939.06 is a civil proceeding, and that, accordingly, the civil rules of procedure apply instead of the criminal rules. See Fla.R.Civ.P. 1.010. Further, both parties agree that Florida Rule of Civil Procedure 1.530 allows ten days after entry of a judgment in which to move for rehearing or to alter or amend the judgment. The state's motion for reconsideration, however, was filed more than ten days after entry of the judgment. Since the motion was untimely, we do not reach the additional question of the propriety of the motion under either rule 1.530(b) as a motion for rehearing, or in a motion to alter or amend a judgment under rule 1.530(g).
The state attempts to avoid the ten-day limit by arguing that its consent to the costs requested by defendant was an inadvertent mistake. Thus, it suggests that its motion for reconsideration was proper under Rule 1.540(b), which gives a party one year in which to seek relief from a final order based on mistake, inadvertence, or excusable neglect. We find no merit in the state's argument. The state did not present its motion below on the grounds of inadvertence or neglect. Further, its decision to raise no objection is not the kind of mistake or excusable neglect contemplated by the rule. See generally Viking General Corp. v. Diversified Mortgage Investors, 387 So.2d 983 (Fla. 2d DCA 1980), petition for review denied, 394 So.2d 1154 (Fla. 1981); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 75 (Fla. 1979); Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA), cert. denied, 279 So.2d 305 (Fla. 1973); Miami National Bank v. Sobel, 198 So.2d 841 (Fla. 3d DCA), cert. dismissed, 207 So.2d 687 (Fla. 1967).
We hold that the trial court lacked jurisdiction to consider the state's motion for reconsideration. Hence, we have no jurisdiction to review that issue on appeal.
Despite our lack of jurisdiction to consider the first order, the defendant timely attacks the trial court's order of March 9 awarding an expert witness a fee of $190. He challenges this order solely on the ground that the state's witness was not an expert. The trial court agreed that the witness was not an expert in the field of occupant dynamics but did find him qualified as an expert in traffic reconstruction. Laying aside the question of whether the defendant has any standing to challenge that order, we find that the court acted within its discretion in setting a reasonable fee for the witness' testimony. See § 914.06. Therefore, the order awarding that fee is affirmed; nevertheless, we remand for a clarification of the court's order which is ambiguous as to who is responsible for payment of the fee. Since defendant cannot be responsible by law under section 939.06, we direct the court to amend its order to provide for payment of the fee by the county. § 939.07; Powell v. State, 314 So.2d 788 (Fla. 2d DCA 1975).
Accordingly, since the original order awarding defendant costs has become final and nonappealable, the March 9 order requiring repayment was void. Hence, the appeal from that order is rendered nugatory. However, we affirm the order directing *1153 payment of the expert witness fee and remand for clarification providing for payment of that fee by Pinellas County.
HOBSON, A.C.J., and GRIMES, J., concur.