498 So.2d 614 (1986)
Kevin PFEIFER, Petitioner,
v.
The Honorable Rom W. POWELL, Circuit Judge, Ninth Judicial Circuit, Osceola County, Florida, Respondent.
No. 86-1151.
District Court of Appeal of Florida, Fifth District.
December 4, 1986.
Peter Cushing, Orlando, for petitioner.
Neal D. Bowen, Co. Atty., Kissimmee, for respondent Osceola County.
Lawrence J. Davis, Asst. State Atty., Kissimmee, for respondent Judge Powell.

UPON PETITION FOR WRIT OF MANDAMUS
ORFINGER, Judge.
Petitioner was acquitted of first degree murder and filed a motion to tax costs in *615 the trial court pursuant to Section 939.06, Florida Statutes (1985). Petitioner sought costs in the sum of $21,686.34 and the trial court, after a hearing, entered an order certifying taxable costs in the sum of $4,533.50, finding the remaining costs to be non-taxable. Petitioner now seeks a writ of mandamus from this court directing the trial court to certify additional costs in the sum of $12,681.68.
Section 939.06, Florida Statutes (1985), provides:
No defendant in a criminal prosecution who is acquitted ... shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
In Orange County v. Davis, 414 So.2d 278 (Fla. 5th DCA 1982), this court held that the act of the trial court in certifying that the defendant had paid certain costs was a purely ministerial act and accordingly, mandamus was the correct remedy if the trial court refuses certification. Id. at 280. Since the statute allows the clerk to issue the certificate of payment, there is clearly no judicial discretion involved which would preclude mandamus.
The task of the trial court or clerk upon presentation of a motion to tax costs pursuant to F.S. 939.06, is merely to certify that a defendant has paid the costs claimed to be taxable. The county is not a proper or necessary party at this preliminary stage of the proceedings and should not be allowed to intervene as the court is only certifying what costs were paid by the defendant and is not ordering the county to pay those costs.
Respondent argues that this action is premature and that the petitioner must first submit the court's certification to the county for payment after which, if payment is denied, petitioner can institute a civil action for recovery of the denied costs. Respondent is correct in its assertion that the court's certification must be submitted to the county for payment. Section 939.08, provides:
In all cases wherein is claimed the payment of bills of costs, fees or expenses, other than juror and witness fees, in the prosecution of any criminal case which are payable by the county, an itemized bill or statement thereof shall be submitted to the county commissioners of the county in which such cases are prosecuted, and the same shall not be paid until the board of county commissioners shall have approved it and certified thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein.
This statute provides the county with the opportunity to determine which items of costs are just, correct, necessary, reasonable and legal. As stated in Orange County, "The appropriateness of reimbursement for any particular item is not truly put in issue until the county commission denies payment and a civil suit is brought; this way the real parties in interest (being the former defendant and the county) and the question of the appropriateness and reasonableness of the claimed item are all properly before the court." 414 So.2d at 280.
Since the trial court below failed to issue the certificate of payment for all costs which petitioner claims to be taxable, as required by statute, the petition for writ of mandamus is granted and the trial court is hereby directed to issue a certificate for such costs which it finds the petitioner has paid.
PETITION GRANTED.
DAUKSCH and COBB, JJ., concur.