570 So.2d 410 (1990)
Tom Franklin SAWYER, Petitioner,
v.
STATE of Florida, Respondent.
No. 90-01857.
District Court of Appeal of Florida, Second District.
November 21, 1990.
*411 Sondra Goldenfarb and Joseph G. Donahey, Jr., Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for respondent.
RYDER, Acting Chief Judge.
Sawyer seeks a writ of mandamus seeking to require the trial court to certify certain costs incurred in Sawyer's defense of criminal charges which were nol prossed by the state. For the reasons stated below, we grant the petition and issue the writ.
After the state filed a nolle prosequi in two criminal cases against Sawyer, he filed a "Motion for Assessment of Costs." The motion sought an order "directing the Clerk and the County Commission of Pinellas County, Florida, to reimburse" Sawyer for his taxable costs incurred in the defense of the criminal charges. The trial court entered a "Partial Order on Defendant's Motion for Assessment of Costs," which certified some cost items, denied some cost items, and reserved ruling on others.
Sawyer initially filed a notice of appeal from the disputed order. The state then filed a motion to dismiss the appeal as being one from a nonappealable, nonfinal order. Sawyer responded that this court had previously considered similar orders by plenary appeal. See Bothwell v. State, 450 So.2d 1150 (Fla. 2d DCA 1984); Powell v. State, 314 So.2d 788 (Fla. 2d DCA 1975). Following Orange County v. Davis, 414 So.2d 278 (Fla. 5th DCA 1982), we deny the motion to dismiss, and treat the notice of appeal as a petition for the issuance of a writ of mandamus. We do not view this decision to be in conflict with Bothwell and Powell. Our review of those opinions reveals that the issue of this court's jurisdiction was never raised or addressed. Had the issue been put before the court in those cases, we are confident that the prior panels would have reached the same result we have today.
On the merits, Sawyer argues that the trial court erred in refusing to certify certain items, specifically, costs for investigation, as taxable against the county. Our review of the chapter 939, Florida Statutes (1989), and case law reveals that Sawyer and the trial court have misunderstood the proper procedure for an acquitted or discharged criminal defendant to recover costs incurred in his or her defense. In Clark v. State, 570 So.2d 408 (Fla.2d DCA 1990), issued on this same date, we have set forth the procedure for procuring a refund of such costs:
The legislature has instructed us as to the proper procedure for obtaining reimbursement. The statute mandates that the defendants must either have the court or the clerk of the court certify *412 that the defendants have paid taxable costs in their defense before their case is discharged. Then the defendants should present such certification to the county pursuant to section 939.08, Florida Statutes (1989), [footnote omitted] for reimbursement.
If the county refuses to reimburse the costs, the defendants could file a civil suit against the county for a determination of reimbursable costs. "The appropriateness of reimbursement for any particular item is not truly put in issue until the county commission denies payment and a civil suit is brought... ." Orange County v. Davis, 414 So.2d 278, 280 (Fla. 5th DCA 1982). If the trial court, during the course of the action against the county, rules that the costs are not reimbursable, the defendants can then appeal that decision.
Clark, at 410. We further agreed with the Fifth District's opinion in Pfeifer v. Powell, 498 So.2d 614, 615 (Fla. 5th DCA 1986), that "[c]ertification of costs is purely ministerial, therefore, the trial court or the clerk of the court wherein the case was tried has no discretion in deciding whether or not to certify the costs." Clark, at 410.
In the present case, Sawyer has incorrectly sought an order from the trial court requiring the county to refund his costs. The trial court has also erred in certifying some cost items, but not others. At this stage, Sawyer should present the trial court with a motion for certification of costs paid. The trial court then should review the motion to ascertain if taxable costs have been paid and, thereafter, certify to the county only that Sawyer has paid such taxable costs.
Because the trial court did not follow the correct procedure in certifying Sawyer's costs, we grant the petition, issue the writ of mandamus, and remand the cause to the trial court with directions to proceed in accordance with chapter 939 and the decisions in Clark, Pfeifer, and Orange County. We specifically do not determine whether Sawyer will ultimately prevail on his request for refund on his investigative costs. That determination should be made by a trial court, subject to review in this court, if or when the county disputes such costs.
Petition for writ of mandamus granted.
DANAHY and THREADGILL, JJ., concur.