570 So.2d 408 (1990)
Robert Edward CLARK and Robert Charles Clark, Appellants,
v.
STATE of Florida, Appellee.
No. 90-00565.
District Court of Appeal of Florida, Second District.
November 21, 1990.
Simson Unterberger, Tampa, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
*409 RYDER, Acting Chief Judge.
Today, we address the question of when an acquitted or otherwise discharged defendant is entitled to be reimbursed for costs expended during his prosecution.
It is chapter 939, Florida Statutes (1989), in part, enacted by the Florida legislature over one hundred years ago, which regulates assessment of costs in criminal matters. The legislature has directed the process of assessing costs when an accused is found guilty[1] and when an accused is acquitted or otherwise discharged.[2] It is the latter with which we concern ourselves herein.
On November 11, 1988, the state filed a direct information against the appellant, Robert E. Clark. Thereafter, on January 20, 1989, the state filed a supersedes information including appellant, Robert C. Clark as a defendant. Finally, in April of 1989, the state filed a second supersedes information against the appellants (Clarks). Subsequently, the state nol prossed its charges against the Clarks on November 9, 1989. During this twelve-month period while the Clarks were charged with criminal acts, a number of costs were incurred by their attorney in the preparation of their defense to the charges so filed. Depositions were taken and subpoenas were issued in Florida and in several other states of the Union. Other items of costs were incurred concomitant to the defense of the Clarks. However, as noted above, at the end of this twelve-month process, the state ended its active prosecution of the case by entering the nolle prosequi and the Clarks were discharged.
Subsequent to the nolle prosequi, the attorney for the Clarks filed with the court, before which the criminal charges had been assigned for trial, a motion to tax certain costs (supported by an affidavit of costs) incurred on the part of the Clarks in defending the action against them. That trial judge entered a somewhat ambiguous order seemingly finding costs were duly incurred but, in any event, inexplicably denied the motion to tax costs. This timely appeal ensued.
Addressing the question as to when an accused is entitled to reimbursement of costs and fees, the legislature has provided in section 939.06, Florida Statutes (1989), the following:
No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county. (Emphasis supplied).
The Clarks were not tried and found guilty, neither were they acquitted; therefore, they would not be entitled to costs unless they were "discharged." Thus, we address the question of whether the entry of a nolle prosequi by the state amounts to a discharge of a defendant. We answer the question in the affirmative based on the authority of Warren v. Capuano, 269 So.2d 380 (Fla. 4th DCA 1972), affirmed, 282 So.2d 873 (Fla. 1973).
The facts in the Warren case are similar to the facts in the instant case. In Warren, the defendant was charged with certain crimes. The first trial date was continued and immediately before the second trial was to begin, the state filed a nolle prosequi, discharging the defendant. 269 So.2d at 380. Thereafter, the trial judge found that the defendant was entitled to recover certain costs pursuant to section 939.08, Florida Statutes, and the costs were then certified to the county. After the county denied costs to the defendant, the defendant filed a civil suit against the county to recover the costs. The court entered a summary judgment which ordered the county to pay certain costs. 269 So.2d at 380-81.
The issue on appeal was whether a defendant in criminal court, who had been *410 discharged, was entitled to taxable costs expended for his defense. The court agreed with the defendant that section 939.06, Florida Statutes, placed liability on the county for the costs incurred. The court further held that not only was there statutory authority for payment of costs, but also, there was constitutional authority under article I, section 19 of the 1968 revision of the Florida Constitution which provides: "No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final." Warren, 269 So.2d at 381. Subsequently, the Florida Supreme Court affirmed the Fourth District Court of Appeal's interpretation of article I, section 19 and section 939.06, Florida Statutes. 282 So.2d at 874.
In the instant case, the Clarks were charged with certain crimes and approximately one year later after significant discovery had occurred, the state filed a nolle prosequi, thereby discharging the Clarks. Therefore, on the authority of Warren, we hold that the Clarks were discharged for the purposes of section 939.06, Florida Statutes (1989). We further hold that the trial court erred by failing to follow the proper procedure for certification of costs pursuant to section 939.06. See Pfeifer v. Powell, 498 So.2d 614 (Fla. 5th DCA 1986). The legislature has instructed us as to the proper procedure for obtaining reimbursement. The statute mandates that the defendants must either have the court or the clerk of the court certify that the defendants have paid taxable costs in their defense before their case is discharged. Then the defendants should present such certification to the county pursuant to section 939.08, Florida Statutes (1989),[3] for reimbursement.
If the county refuses to reimburse the costs, the defendants could file a civil suit against the county for a determination of reimbursable costs. "The appropriateness of reimbursement for any particular item is not truly put in issue until the county commission denies payment and a civil suit is brought... ." Orange County v. Davis, 414 So.2d 278, 280 (Fla. 5th DCA 1982). If the trial court, during the course of the action against the county, rules that the costs are not reimbursable, the defendants can then appeal that decision.
However, if, during the certification proceedings, the trial court refuses to certify certain items, "the dispute is between the defendant and the trial judge in the criminal case and mandamus is the proper remedy." 414 So.2d at 280. Certification of costs is purely ministerial, therefore, the trial court or the clerk of the court wherein the case was tried has no discretion in deciding whether or not to certify the costs. Pfeifer, 498 So.2d at 615; Orange County.
Accordingly, we treat this appeal as a petition for writ of mandamus; grant the petition; issue the writ and remand the matter to the trial court for further proceedings in accordance with the procedures set forth in Pfeifer, Orange County and chapter 939, Florida Statutes (1989).
DANAHY and THREADGILL, JJ., concur.
NOTES
[1] § 939.01, Fla. Stat. (1989).
[2] § 939.06, Fla. Stat. (1989).
[3] Section 939.08, Florida Statutes (1989), provides:

In all cases wherein is claimed the payment of bills of costs, fees or expenses, other than juror and witness fees, in the prosecution of any criminal case which are payable by the county, an itemized bill or statement thereof shall be submitted to the county commissioners of the county in which such cases are prosecuted, and the same shall not be paid until the board of county commissioners shall have approved it and certified thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein.