PER CURIAM.
 

 Ronald Haines appeals the trial court’s “Order Denying Defendant Haines’s Pro Se Motion to Issue Certificate of Costs.” We treat his appeal as a petition for writ of mandamus and grant the relief requested. Haines properly filed a motion for certification of costs under section 939.06, Florida Statutes. Certification of costs is a purely ministerial duty that does not require the trial court or clerk to exercise any discretion in deciding whether or not to certify the costs.
 
 See Clark v. State,
 
 570 So.2d 408, 410 (Fla. 2d DCA 1990).
 

 This case arises from Haines’s attempt to obtain a refund of the $20 booking fee and $2.00 per day subsistence fees deducted from Haines’s inmate account while he was confined in jail on charges filed in Palm Beach Circuit Court Case Numbers 07-15322 and 08-1276.
 

 . Haines alleges that he was arrested on February 12, 2008, and that the State
 
 nolle prossed
 
 the charges in the above cases on February 12, 2009. Initially, Haines filed a petition for writ of mandamus in the circuit court, seeking to compel the sheriff to refund these fees. After the circuit court denied the petition as legally insufficient, Haines filed a petition for writ of
 
 *1145
 
 mandamus in this court. We denied the petition, explaining by order: “Petitioner must follow the procedure set out in section 939.06, Florida Statutes, by filing a motion for certification of costs in the trial court for the cases at issue.”
 

 Haines then filed a motion to issue certificate of costs in Case Numbers 07-15822 and 08-1276, claiming that a certificate of costs “must be issued by this clerk or judge” pursuant to section 939.06(1), Florida Statutes. On October 25, 2010, the trial court entered its “Order Denying Defendant Haines’s Pro Se Motion to Issue Certificate of Costs.” The order stated, in pertinent part:
 

 ORDERED and ADJUDGED that Defendant Haines’s Pro Se Motion to Issue Certificate of Costs is DENIED. The defendant’s redress is a civil suit directed against Palm Beach County.
 

 Haines appealed.
 

 Section 939.06, Florida Statutes, provides as follows:
 

 (1) A defendant in a criminal prosecution
 
 who is acquitted, or discharged
 
 is not liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody.
 
 If the defendant has paid any taxable costs, or fees required under s. 27.52(l)(b), in the case, the clerk or judge shall give him or her a certificate of the payment of such costs,
 
 with the items thereof, which, when audited and approved according to law, shall be refunded to the defendant.
 

 (2) To receive a refund under this section, a defendant must submit a request for the refund to the Justice Administrative Commission on a form and in a manner prescribed by the commission. The defendant must attach to the form an order from the court demonstrating the defendant’s right to the refund and the amount of the refund.
 

 § 939.06, Fla. Stat. (2010) (emphasis added).
 

 A
 
 nolle prosequi
 
 by the state amounts to a “discharge” entitling a defendant to a refund of costs under the statute.
 
 See Clark,
 
 570 So.2d at 410. Certification of costs is a purely ministerial duty and the trial court (or clerk) has no discretion in deciding whether or not to certify the costs.
 
 Id.
 

 In
 
 Clark,
 
 the Second District set forth the procedure for procuring a refund of such costs under the version of section 939.06 then in effect:
 

 The statute mandates that the defendants must either have the court or the clerk of the court certify that the defendants have paid taxable costs in their defense before their case is discharged. Then the defendants should present such certification to the county pursuant to section 939.08, Florida Statutes (1989), for reimbursement.
 

 If the county refuses to reimburse the costs, the defendants could file a civil suit against the county for a determination of reimbursable costs. “The appropriateness of reimbursement for any particular item is not truly put in issue until the county commission denies payment and a civil suit is brought....”
 
 Orange County v. Davis,
 
 414 So.2d 278, 280 (Fla. 5th DCA 1982). If the trial court, during the course of the action against the county, rules that the costs are not reimbursable, the defendants can then appeal that decision.
 

 Id.
 
 (footnote omitted).
 

 After
 
 Clark
 
 was decided, the legislature changed the statutory procedure somewhat. The statute previously required the county to pay and did not require an order from the court.
 
 See
 
 Ch. 2003-402, § 131, Laws of Fla. (removing the “by the county” language at the end of the subsection).
 
 *1146
 
 Now, pursuant to the current version of section 939.06, the defendant must obtain a certificate of payment of costs from the clerk or the judge. § 939.06(1), Fla. Stat. (2010). The defendant must also obtain an order from the court “demonstrating the defendant’s right to the refund and the amount of the refund.”
 
 See
 
 § 939.06(2), Fla. Stat. (2010);
 
 see also
 
 Ch. 2005-236, § 62, Laws of Fla. (adding subsection (2)). The defendant must then submit a request to the Justice Administrative Commission and attach the court’s order. § 939.06(2), Fla. Stat. (2010).
 

 Here, Haines properly filed a motion for certification of costs under section 939.06, Florida Statutes. This is the first step that a defendant must follow before obtaining a refund of the costs. Certification of costs is a purely ministerial duty and the trial court had no discretion in deciding whether or not to certify the costs. The trial court thus erred in denying the motion to certify costs on the basis that Haines’s “redress is a civil suit directed against Palm Beach County.” Accordingly, we treat this appeal as a petition for writ of mandamus, grant the petition, and remand this matter to the trial court for further proceedings.
 

 Petition granted.
 

 POLEN, TAYLOR and HAZOURI, JJ., concur.