IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


KELLY MATHIS,

      Appellant,

 v.                                    Case No.  5D14-492

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 19, 2018

Appeal from the Circuit Court
for Seminole County,
Melanie F. Chase, Judge.

Kelly Mathis, of Law Offices of Kelly B.
Mathis, Jacksonville, pro se.

Arthur I. Jacobs, of Jacobs Scholz &
Associates, LLC, Fernandina Beach,
Amicus Curiae for the Florida Prosecuting
Attorneys Association.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Diana K. Bock, Assistant
Attorney General, Tampa, for Appellee.


<u>ON MOTION FOR REVIEW</u>

WALLIS, J.

      Kelly Mathis moves this court to review the denial of his motion for costs, pursuant

to Florida Rule of Appellate Procedure 9.400(a). Because Mathis prevailed on appeal and

the State decided not to pursue further prosecution, we find that Mathis is entitled to costs

pursuant to section 939.06, Florida Statutes (2016), and rule 9.400(a). We grant Mathis's motion, reverse the trial court's order denying costs, and remand with instructions to the trial court to, *nunc pro tunc,* tax costs pursuant to rule 9.400(a), plus prejudgment interest from the date of our mandate.

In October 2016, this court reversed Mathis's multiple convictions and remanded for a new trial. Mathis v. State, 208 So. 3d 158 (Fla. 5th DCA 2016). In December 2016, we denied the State's motion for rehearing. The State then pursued discretionary review in the Florida Supreme Court, and this court stayed its mandate pending the outcome. In January 2017, Mathis moved for appellate costs pursuant to rule 9.400(a). In February, the Florida Supreme Court denied the petition for review. This court then issued its mandate. In March, the State entered a nolle prosequi on all charges.

Subsequently, the trial court held a hearing on the motion for costs and found that Mathis was not entitled to appellate costs because he must have a statutory right to recover costs in order to claim them. The trial court noted that section 939.06, Florida Statutes, "authorizes the imposition of certain trial court costs against the county in favor of an *acquitted* or *discharged* defendant, but [Mathis] is not seeking costs under that provision." The trial court further found that Mathis failed to establish an entitlement to costs under rule 9.400. This motion for review followed.

We review a trial court's decision on appellate costs "only to determine whether the trial court applied the correct law and whether it abused its discretion." Fla. Power & Light Co. v. Polackwich, 705 So. 2d 23, 25 (Fla. 2d DCA 1997). The prevailing party on appeal may move for appellate costs pursuant to rule 9.400(a), which provides:

> Costs shall be taxed in favor of the prevailing party unless the
> court orders otherwise. Taxable costs shall include

2

(1) fees for filing and service of process;

(2) charges for preparation of the record and any hearing or trial transcripts necessary to determine the proceeding;

(3) bond premiums; and

(4) other costs permitted by law.

(emphasis added). Unlike appellate fees, appellate costs must be awarded to the prevailing party. See Perez v. Fay, 198 So. 3d 681, 683 (Fla. 2d DCA 2015) ("The circuit court does not have discretion to refuse to award appellate costs when the appellate court has not ordered that costs be denied, although the circuit court is charged with determining which party prevailed and does have discretion in determining the amount to be allowed based on the evidence in the record."); C.f. United Servs. Auto. Ass'n v. Phillips, 775 So. 2d 921, 922 (Fla. 2000) ("It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court's order in support of a motion for attorney's fees for services rendered in an appellate court.").[1]

The Florida Supreme Court has stated, "[C]ost provisions against the State must be expressly authorized." Bd. of Cty. Comm'rs, Pinellas Cty. v. Sawyer, 620 So. 2d 757, 758 (Fla. 1993). Article 1, section 19, of the Florida Constitution provides, "No person charged with crime shall be compelled to pay costs before a judgment of conviction has become final." Further, section 939.06, Florida Statutes, provides:

A defendant in a criminal prosecution who is acquitted or discharged is not liable for any costs or fees of the court or

---

[1] The language differences between sections (a) and (b) supports this conclusion. Section (a) states, "Costs shall be taxed in favor of the prevailing party unless the court orders otherwise." Fla. R. App. P. 9.400 (a). In contrast, section (b) states, "[A] motion for attorneys' fees shall state the grounds on which recovery is sought." Fla. R. App. P. 9.400 (b).

3

any ministerial office, or for any charge of subsistence while detained in custody. If the defendant has paid any taxable costs, or fees required under s. 27.52(1)(b), in the case, the clerk or judge shall give him or her a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to the defendant.

Thus, article 1, section 19, and section 939.06 authorize the taxing of costs against the State for an acquitted or discharged defendant.

Section 939.06 applies to Mathis because the State entered a nolle prosequi. See Haines v. State, 80 So. 3d 1144, 1145 (Fla. 4th DCA 2012) ("A *nolle prosequi* by the state amounts to a 'discharge' entitling a defendant to a refund of costs under the statute."). Additionally, this court has previously extended section 939.06 to appellate costs. See Evans v. State, 608 So. 2d 944 (Fla. 5th DCA 1992). Mathis's failure to refer to section 939.06 as a substantive basis is not fatal to his claim for costs because rule 9.400(a) does not expressly require that a movant for costs state the ground of recovery. Because Mathis prevailed on appeal and the State's nolle prosequi discharged his case, Mathis is entitled to costs pursuant to section 939.06 and rule 9.400(a). Accordingly, we grant his motion for review, reverse the trial court's order denying his motion for costs, and remand with instructions to enter an order, *nunc pro tunc*, taxing costs pursuant to rule 9.400(a), plus the appropriate interest from the date of our mandate.

MOTION GRANTED; REVERSED and REMANDED with Instructions.

ORFINGER and EDWARDS, JJ., concur.

4