378 So.2d 1242 (1979)
Mrs. Stanley (Joyce) GOLDBERG, Appellant,
v.
COUNTY OF DADE, State of Florida, Appellee.
No. 79-617.
District Court of Appeal of Florida, Third District.
December 11, 1979.
Rehearing Denied January 22, 1980.
*1243 Heiman & Heiman and Eugene C. Heiman, Miami, for appellant.
Stuart L. Simon, County Atty., and Murray Greenberg, Asst. County Atty., for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
Appellant, Mrs. Stanley (Joyce) Goldberg, was one of several defendants prosecuted on a series of indictments which ultimately led to a dismissal of one charge and a jury verdict of "not guilty" as to the remaining charges. Pursuant to Florida Statute 939.06 (1977), she filed for a certificate of payment of taxable costs and successfully obtained such a certificate for costs amounting to $4,213.17. Mrs. Goldberg brought this appeal challenging the trial court's disallowance of attorneys' fees as well as an expert fee for a forensic psychologist who assisted in the selection of the jury.
Mrs. Goldberg does not contend that attorneys' fees should be ordered to an acquitted or discharged defendant in every criminal case, but she argues that the unusual circumstances in her case mandate the award of such fees because of her enduring the proceedings through three separate indictments, being removed from public office, and as a result of this prosecution, being unable to stand for reelection. She urges the court to use its inherent power, in the absence of statutory authority, to order expenditures deemed essential to the fair administration of justice. While we accept this as a sincere argument, we have no doubt that almost every acquitted or discharged defendant could appropriately identify his case as one of unusual circumstances by his personal analysis.
Without retracing the specific provisions of Article XVI, Section 9, Florida Constitution of 1885, as amended, and made statutory law by Article XII, Section 10 of *1244 the Constitution as revised in 1968, we simply state that the surviving provisions are now contained in Florida Statute 939.06 (1977), and a comparison of the language therein should be helpful. The Constitution of 1885 referred to defendants who were "insolvent or discharged" while the current statute refers to those "acquitted or discharged". The Constitution referred to "legal costs and expenses" while the statute now specifies "costs or fees of the court or any ministerial office". Though a private attorney is an officer of the court, it cannot be said that his fees are those of the court or that he maintains a ministerial office.
Consequently, and in accordance with prior decisions that the right to recover attorneys' fees must be provided for by statute or contract, Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA 1971); Warren v. Capuano, 269 So.2d 380 (Fla. 4th DCA 1972), we find no authority for an award of private attorneys' fees in a criminal case.
As to recovery of the expert fee for the forensic psychologist who assisted in the selection of the jury, we note that Florida Statute 939.06 (1977) refers to "taxable costs" which have been defined as only those items reasonably within the scope of statutory authority. Holton v. State, 311 So.2d 711 (Fla. 3d DCA 1975). Considering this definition in conjunction with Florida Statute 939.15 (1977) which provides that the county shall pay those costs allowed by law, we find no authority to tax such costs.
We find that the trial court correctly denied attorneys' fees and costs of a forensic psychologist who assisted in selection of the jury, and the order is affirmed.
Affirmed.