483 So.2d 540 (1986)
HILLSBOROUGH COUNTY, Appellant,
v.
Rose MARTINEZ, Appellee.
No. 85-1055.
District Court of Appeal of Florida, Second District.
February 21, 1986.
*541 Eric A. Schultz, Tampa, for appellant.
C. Thomas Davidson and Leonard R. Poe of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Hillsborough County, Florida, seeks review of an order awarding attorney's fees in a criminal case to appellee, Rose Martinez. We reverse.
Martinez retained private counsel after being charged with the commission of a felony. The state nolprossed the charge and Martinez was discharged. Her attorney filed a motion pursuant to section 939.07, Florida Statutes (1983), seeking payment for legal expenses and costs incurred in defending against the charge.
The trial court, over the county's objection, entered an order requiring the county to pay Martinez $5000 for legal expenses and $62.30 for costs.[1] As evidenced by counsel's affidavit in aid of petition for legal expenses and costs, the $5000 in legal expenses consisted of attorney's fees Martinez had incurred. This timely appeal challenging the portion of the order requiring the county to pay the attorney's fees followed.
We agree with the county that chapter 939, Florida Statutes (1983) makes no provision for an award of fees for a private attorney retained by a defendant in a criminal case.
Martinez filed her motion for attorney's fees pursuant to section 939.07, Florida Statutes (1983). Section 939.07 is entitled "Pay of Defendant's Witnesses" and provides as follows:
In all criminal cases prosecuted in the name of the state in the circuit courts or county courts in this state where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases; provided, that there shall not be more than two witnesses summoned and paid to prove the same fact; and provided further, that before any witness is subpoenaed on behalf of a defendant in the circuit or county court an application shall be made to the judge, in writing, on behalf of the defendant, setting forth the substance of the facts sought to be proved by the witness or witnesses, making affidavit that the defendant is insolvent, and if upon such showing the judge is satisfied that the witness or witnesses are necessary for the proper defense of the defendant, he shall order that subpoena issue, and that the costs as herein provided shall be paid by the county, and not otherwise.
*542 The statute limits the reimbursement of costs necessary to obtain the attendance of witnesses and provides the manner in which an insolvent defendant must apply for and obtain an order requiring a subpoena to be issued for those witnesses. The section does not authorize the payment of attorney's fees and does not provide for costs or legal expenses other than those necessary to obtain witnesses, such as the legal expenses required to serve process and the costs incurred in paying witness fees and travel expenses. Section 939.07 functions as a limitation on the reimbursement of costs authorized by section 939.06 for a discharged defendant; it is not independent authority for their payment. The trial court therefore erred in awarding attorney's fees as legal expenses under section 939.07.
If private attorney's fees in criminal cases were to be properly recovered as costs under chapter 939, they could only be awarded pursuant to section 939.06, which deals with the county's responsibility for costs of an acquitted or discharged defendant. In that regard, we agree with the Third District Court of Appeal's holding in Goldberg v. County of Dade, 378 So.2d 1242 (Fla. 3d DCA), appeal dismissed, 389 So.2d 1110 (Fla. 1980), that section 939.06 does not provide for an award of private attorney's fees in a criminal case.
We, accordingly, reverse.
REVERSED.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] In view of our disposition of this case, it is not necessary to consider the court's authority to order a county to pay costs. See Orange County v. Davis, 414 So.2d 278 (Fla. 5th DCA 1982).