ALTENBERND, Judge.
The defendant, John M. Short, appeals an order which certifies certain costs and declines to certify other costs to Pasco County as taxable costs incurred by him during a criminal prosecution in which he was acquitted. The circuit court entered the order on June 14, 1990, after a hearing at which both the state and Pasco County were represented. We affirm.
At the hearing, the circuit court made five rulings which are the subject of this appeal. First, it ruled that the attorneys’ fees incurred by the defendant are not taxable costs as a matter of law and need not be certified as such pursuant to section 939.06, Florida Statutes (1989). This ruling is correct. Hillsborough County v. Martinez, 483 So.2d 540 (Fla. 2d DCA 1986). The fact that the defendant requested reimbursement of his attorneys’ fees as “taxable costs” does not transform fees into costs. Although the certification of taxable costs is now regarded as a ministerial function, a judge has no obligation to certify a payment to a county if the expenses cannot be a taxable cost under any circumstance.
The defendant also asked the circuit court to certify the following expenses as taxable costs: 1) $420 for a newspaper clipping service, 2) $8,000 for an expert in jury selection, 3) $18,000 for a private investigator, and 4) $12,000 for a forensic economist. The circuit court declined to certify the first three items and certified only $2,500 as a taxable cost concerning the forensic economist. Because such expenses could be taxable costs that a county might agree to pay, in whole or in part, a trial court cannot refuse to certify them unless it is extended discretion to do so. Thus, these items require an analysis which differs from the analysis of the attorneys’ fees.
The defendant served his initial brief to this court on November 8, 1990. That brief argues only that the circuit court “abused its discretion” in failing to certify these costs. The County’s answer brief maintains that the court did not abuse its discretion. Assuming that this issue is properly before this court, we find no abuse of discretion concerning any of these decisions. See Doran v. State, 296 So.2d 86 (Fla. 2d DCA 1974); Goldberg v. Dade County, 378 So.2d 1242 (Fla. 3d DCA 1979); Holton v. State, 311 So.2d 711 (Fla. 3d DCA 1975).
On November 21, 1990, this court announced decisions in Sawyer v. State, 570 So.2d 410 (Fla. 2d DCA 1990), and Clark v. State, 570 So.2d 408 (Fla. 2d DCA 1990). In those cases, we adopted a procedure for certification of costs which is further described in Pfeifer v. Powell, 498 So.2d 614 (Fla. 5th DCA 1986). There is no question that the circuit court did not follow this new ministerial procedure in this case. Instead, it exercised its discretion at this stage in the criminal proceeding rather than at a later time in a civil proceeding after the County had declined to refund these costs. All of the parties agreed to this approach and thus have not preserved this issue for review. Because they requested the court to use this streamlined approach, we affirm the order denying in part the defendant’s request to certify taxable costs.
Affirmed.
HALL, A.C.J., and THREADGILL, J., concur.