580 So.2d 349 (1991)
Richard STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1438.
District Court of Appeal of Florida, Fourth District.
June 12, 1991.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction. However, we reverse and remand for resentencing as the sentence imposed departed from the guidelines. The trial judge did not give any written reasons because he did not realize that imposing community control in addition to jail time would result in a departure sentence. Betancourt v. State, 550 So.2d 1121, 1122 (Fla. 3d DCA), rev'd on other grounds, 552 So.2d 1107 (Fla. 1989) (citing State v. Mestas, 507 So.2d 587 (Fla. 1987)). On remand the trial judge may impose a departure sentence if he deems it appropriate and gives contemporaneous *350 written reasons. Betancourt; Merritt v. State, 567 So.2d 1031 (Fla. 4th DCA 1990).
We affirm as to all other issues. The trial court properly reserved jurisdiction to determine the amount of restitution at a later date when the victim's counseling is completed. Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991) (citing McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988)). Appellant had constructive notice that restitution would be imposed, § 775.089, Fla. Stat. (1989), and will have the opportunity to be heard after notice of the future hearing. State v. Beasley, 580 So.2d 139 (Fla. 1991).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
ANSTEAD, POLEN and GARRETT, JJ., concur.