582 So.2d 124 (1991)
Rafael PELLOT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2807.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
*125 Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Rafael Pellot, was indicted on one count of first-degree murder and two counts of aggravated battery. He was tried by a jury and found guilty as charged. The jury recommended life in prison with a twenty-five-year mandatory minimum. The trial court, thereafter, sentenced Pellot to life with a twenty-five-year mandatory minimum on the murder count, and a departure sentence of five years in prison for each of the aggravated battery counts, concurrent with each other and consecutive to the life sentence. Finally, the court ordered Pellot to pay restitution to the grandmother of the victim's two children for funeral expenses and relocating the two children back in Puerto Rico.
Eight appellate points have been presented, all of which have been given due consideration, particularly in light of the serious nature of the crimes charged. Nevertheless, only one of the points demonstrates reversible error, i.e., the charge that the trial court erred in ordering restitution without notice to the defendant and an evidentiary determination of the amount of the loss sustained by the victim, her estate, or next of kin, the financial resources of the defendant, and the present or potential future financial needs of the defendant and his dependents. It appears that the trial court ordered Pellot to pay restitution of $9,000 to the grandmother of the victim's two children and that no notice or record determination of the various factors mandated by statute was given or made. Thus, we must reverse that aspect of the sentence for reconsideration by the trial court.
Among the numerous other points presented, Pellot charged that the trial court committed error in failing to grant his motion to reduce the charge in Count I to second-degree murder because the proof of premeditation was insufficient. On the contrary, in our collective judgment, the evidence adduced makes for a strong case of premeditation.
Pellot and his wife had a history of violent domestic difficulty, requiring police intervention. In the early morning hours of the fateful day of the homicide, the victim's two resident children and neighbors heard Pellot and the victim fighting, during which Pellot struck the victim in the mouth, leaving her visibly bruised. Pellot left the home for the night, but returned later in the day while the victim was at work. He was seen by one of the sons in the kitchen wrapping a black object in a newspaper and taking it into the parties' bedroom. Upon his return to the home, he parked his car out of sight so the victim would not see it. When she returned, her son warned her that Pellot was inside, but in their search of the house they failed to find him. It appears the telephone rang and the victim answered it in the kitchen. Unbeknown to her, Pellot listened in on the bedroom extension. He contends the call was from a man with whom the victim was involved. After the phone call, the victim entered the bedroom, whereupon Pellot stabbed her numerous times with a black-handled knife. At one point in the attack, appellant left the bedroom and went to the kitchen, where he obtained another knife. He then returned to the bedroom and continued stabbing the victim. In sum, she sustained thirty-two stab wounds from two different knives, which brought about her demise. While appellant was carrying out this savage attack, the victim's two young sons, age thirteen and fourteen, sought to intervene and stop the attack and were themselves severely cut by Pellot. The evidence showed that earlier Pellot had warned the victim that, before he would leave, she would regret it and that she "was going to get it."
*126 As the Supreme Court of Florida said in Sireci v. State, 399 So.2d 964, 967 (Fla. 1981):
Evidence from which premeditation may be inferred includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed and the nature and manner of the wounds inflicted. It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of his victim is concerned.
While Pellot attempts to rely on various principles applicable to circumstantial evidence to ameliorate his position, they are unimpressive. The evidence of premeditation here is clear and direct and resort need not be had to circumstantial evidence.
The other points presented involve such questions as allegedly prejudicial photographs of the victim, improper arguments of the prosecutor, evidentiary rulings, and inaccurate jury instructions. While the photographs of course prejudice Pellot's case, they are not unduly gruesome and they did have probative value in supporting the state's case of premeditated murder. Furthermore, they were used to assist the medical examiner's testimony. As to the remainder of appellant's arguments, suffice to say, they are not meritorious.
We, therefore, conclude that the judgment and sentence appealed from are affirmed in all respects except as to the provision for restitution. That portion of the sentence is reversed and the case is remanded to the trial court with directions to hold such hearings as are necessary to inform the court of the elements necessary for the court to determine the appropriate amount to be awarded as restitution.
HERSEY, C.J., and GARRETT, J., concur.