599 So.2d 754 (1992)
James L. HARMON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3237.
District Court of Appeal of Florida, Fourth District.
June 3, 1992.
*755 Richard L. Jorandby, Public Defender, and Barbara A. White, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the conviction and the credit for time served, but find error in the remainder of the sentence and restitution order.
Appellant's guidelines scoresheet reflected a permitted range of community control or one to twelve years incarceration. Appellant received a split sentence of ten years incarceration followed by two years community control with special conditions. As appellant asserts, this combination of incarceration and community control constitutes a departure from the guidelines. State v. VanKooten, 522 So.2d 830 (Fla. 1988); Phelps v. State, 583 So.2d 1120 (Fla. 5th DCA 1991).
Because the record contains no written departure reasons, the sentence must be reversed and the case remanded for resentencing. The question then remains whether the trial court could once again depart from the guidelines if it gives applicable written reasons. The general rule is that where a departure sentence is reversed because it is not supported by written reasons, the trial court must resentence within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990). However, "if the record indicates that the trial court did not realize that the sentence was a departure, and as a result fails to reduce its reasons to writing, the trial court may once again depart from the guidelines on remand and set forth valid, written reasons." Merritt v. State, 567 So.2d 1031, 1032 (Fla. 4th DCA 1990).
While defense counsel did argue below that appellant's sentence "may very well be illegal" because a prison term should not be followed by community control, he failed to cite any case law supporting his position. In Stanley v. State, 580 So.2d 349 (Fla. 4th DCA 1991), the trial judge did not give any written reasons for departure because he did not realize that imposing community control in addition to jail time would result in a departure sentence. Because the trial judge did not realize that he was departing from the guidelines, this court held that he could impose a departure sentence on remand if he deemed *756 it appropriate and gave contemporaneous, written reasons. Id. at 349-50. Stanley is virtually indistinguishable from the instant case. Accordingly, we reverse appellant's sentence and remand for resentencing. On remand, the trial court must either set forth valid written reasons for departure or sentence appellant within the guidelines.
Appellant next argues that the trial court erred in ordering restitution without notice to appellant and an evidentiary determination of the amount assessed. At the sentencing hearing, the prosecutor informed the trial court that there were funeral and burial expenses. The prosecutor requested that appellant be ordered to pay those expenses and attached an invoice for $9,229.02 to the victim impact statement. Defense counsel specifically objected to the assessment of these costs:
Judge, just for the record, I'm going to object to the assessment of funeral costs on the grounds of indigence of my client, and on the grounds it would appear the funeral costs are quite excessive. Numerous items appear to be top of the line, and my client's ability to pay is extremely minimal.
The trial court overruled defense counsel's objection.
Section 775.089(6), Florida Statutes (1989), provides that in determining whether to order restitution and the amount of such restitution, the trial court shall consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate." The court must resolve any dispute as to the proper amount or type of restitution by the preponderance of the evidence. § 775.089(7), Fla. Stat. (1989). A trial court reversibly errs when it orders restitution without notice to the defendant or an evidentiary determination of the amount of loss sustained by the victim, the financial resources of the defendant, and the present or potential future financial needs of the defendant and his dependents. Pellot v. State, 582 So.2d 124 (Fla. 4th DCA); rev. denied, 591 So.2d 183 (Fla. 1991); see also Oliverio v. State, 583 So.2d 412 (Fla. 4th DCA 1991) (court reversed part of defendant's sentence relating to restitution because the trial court failed to make a determination of the factors set forth in section 775.089(6) and (7), i.e., the loss to the victim and the defendant's present and future financial resources).
In the instant case, appellant objected to the assessment of the funeral costs as restitution because he believed the costs were excessive and because he lacked the ability to pay them. As appellant asserts, the trial court was required to hold a hearing and consider the factors set forth in section 775.089(6). The state argues that the victim impact statement and the attached invoice were sufficient to establish the amount of restitution. Even if this were correct, the trial court erred in refusing to allow appellant to demonstrate his present financial resources "and the absence of potential future financial resources." § 775.089(7), Fla. Stat. (1989). Accordingly, we also reverse the portion of appellant's sentence providing for restitution and remand "with directions to hold such hearings as are necessary to inform the court of the elements necessary for the court to determine the appropriate amount to be awarded as restitution." Pellot, 582 So.2d at 126.
Finally, appellant contends that his sentencing order should be corrected to reflect 378 days credit for time served. At the sentencing hearing, the trial court asked the clerk how much credit appellant had. The record indicates that the clerk responded, "Three hundred seventy eight days, Judge." The trial court then orally pronounced that appellant would receive credit for 378 days. Appellant's written sentencing order, however, reflects only 278 days credit for time served.
Generally, when written orders are inconsistent with oral pronouncements made at sentencing, the oral pronouncements must prevail. Tetro v. State, 581 So.2d 1009 (Fla. 4th DCA 1991). In the instant case, however, the record demonstrates *757 that the oral pronouncement was incorrect. As the state contends, appellant was arrested on February 13, 1990. The trial court sentenced appellant on November 15, 1990. Therefore, appellant was in custody for only 278 days, not 378. While an oral pronouncement is controlling when a clerical error causes the written order to be inconsistent with the oral pronouncement, Avery v. State, 543 So.2d 296 (Fla. 5th DCA), appeal dismissed, 553 So.2d 1164 (Fla. 1989), appellant's written sentence is correct. Either the clerk miscalculated the number of days at the hearing or the court reporter erred in transcription. Accordingly, we affirm appellant's sentence on this point.
GLICKSTEIN, C.J., and ANSTEAD and POLEN, JJ., concur.