PER CURIAM.
Appellant pled nolo contendere and on December 10, 1990, was adjudicated guilty of attempted first degree murder, armed burglary and attempted robbery with a firearm. The judgment of conviction provided that “restitution is not ordered as it is not applicable.” Nevertheless, on October 28, 1991, the trial court entered a judgment of $26,456 against appellant for restitution to reimburse the victim.
Appellant contends on appeal that entry of said order is reversible error because 1) the trial court lacked jurisdiction to impose restitution under the circumstances, State v. Butz, 568 So.2d 537 (Fla.4th DCA 1990); 2) the trial court failed to determine that the appellant had the ability to pay the amount assessed as restitution, section 775.089(6), Florida Statutes (1989); Pellot v. State, 582 So.2d 124 (Fla.4th DCA 1991); and 3) the imposition of restitution violated the plea agreed upon Daniels v. State, 581 So.2d 970 (Fla.5th DCA 1991).
The state concedes the error in all three particulars.
Accordingly, the order of restitution appealed from is reversed.
DOWNEY, STONE and FARMER, JJ., concur.