606 So.2d 427 (1992)
Shawn Detra SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3896.
District Court of Appeal of Florida, First District.
September 4, 1992.
Rehearing Denied November 12, 1992.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Shawn Detra Smith, appeals his conviction and sentence for battery. The issue presented is the propriety of the trial court's order requiring appellant to pay the state's attorney's fees as cost of prosecution. We reverse.
Appellant was charged with aggravated battery with a "deadly weapon, to-wit: a beer bottle." A jury found him guilty of the lesser-included offense of battery. At sentencing, the assistant state attorney advised that in addition to restitution to the victim for damage to his glasses, the state was requesting reimbursement for its cost of prosecution, including attorney time in preparation for trial and jury selection. The trial court imposed a county jail sentence of six months, followed by a probationary term of six months. The court reserved jurisdiction to order restitution, and the costs of prosecution and trial of the case. Subsequently, the assistant state attorney filed a motion to assess costs of investigation and/or prosecution, and a statement of costs of prosecution, which detailed the amount of time spent on appellant's case. This itemized statement reflects that the assistant state attorney spent 7.8 hours on the case, at $25.00 per hour, and assessed a total cost of $195.00.
Two weeks later, a hearing was held on appellant's motion to modify sentence. The state did not oppose the motion. The trial court granted the motion to mitigate, and converted the unserved portion of the county jail sentence to probation, to be followed by the probationary term previously imposed. The assistant state attorney sought approval of the state's proposed order on costs; defense counsel objected to the costs. The trial court entered the order on costs in accordance with the state's proposal, but noted the defense objection for purposes of review.
Appellant contends the trial court erred in ordering him to pay $195.00 as costs of prosecution, since that amount represented the state's attorney's fees, and the applicable statute, section 939.01(9), Florida Statutes, does not apply to attorney's fees. The state first contends the issue was not preserved for review. Alternatively, the state asserts that section 939.01(1) mandates imposition of costs of prosecution, if requested and documented by the state. The state further urges that section 939.01(9) provides that costs may include the salaries of permanent employees, including salaries of attorneys for the state.
*428 At the outset, we reject the state's argument that appellant failed to preserve the issue of assessment of costs of prosecution. The contemporaneous objection rule is probably inapplicable in the circumstances of this case. See, generally, State v. Rhoden, 448 So.2d 1013 (Fla. 1984). More importantly, the record in this case reflects appellant's objection to the state's itemized statement and motion for costs, and the trial court's note of the objection for purposes of review.
The statute applicable, section 939.01, Florida Statutes (1989), provides in pertinent part:
(1) In all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person. (Emphasis supplied.)
.....
(9) Investigative costs which are recovered shall be returned to the appropriate investigative agency which incurred the expense. Costs shall include actual expenses incurred in conducting the investigation and prosecution of the criminal case; however, costs may also include the salaries of permanent employees.
The narrow question presented in this appeal is whether the section 939.01 term, "costs of prosecution," includes an award of attorney's fees to the state from a convicted defendant. The term is not defined in the statute. Instead, its interpretation has been left to the courts. See Sawyer v. Board of County Commissioners, Pinellas County, Fla., 596 So.2d 475, 476 (Fla. 2d DCA 1992).
Our construction of this provision is guided in part by the concept of mutuality discussed by the second district in Sawyer, and by its analysis of section 939.01, as set forth in Hillsborough County v. Martinez, 483 So.2d 540 (Fla.2d DCA 1986). In Martinez, the court determined that chapter 939, Florida Statutes, makes no provision for an award of fees for a private attorney retained by a defendant in a criminal case. See also Short v. State, 579 So.2d 163 (Fla. 2d DCA 1991) (fact that the acquitted defendant requested reimbursement of attorney's fees as "taxable costs" does not transform fees into costs). Carrying the mutuality doctrine to its logical conclusion, since an acquitted defendant is not entitled to recover attorney's fees from the state, the state ought not be entitled to recover attorney's fees from a convicted defendant.
We are further guided in our construction of section 939.01(1), by application of the aids to statutory interpretation known as noscitur a sociis[1] and ejusdem generis.[2] When these principles are applied to "costs of prosecution" as the term is used in subsection 939.01(1), we find that the reference appears in the context of the investigative costs incurred by law enforcement agencies and fire departments in preparation of the prosecution of a criminal case. That is, the section 939.01(1) "costs of prosecution" are restricted to the costs of investigation incurred by law enforcement and fire departments. We believe that the section 939.01(9) reference to salaries of permanent employees, should be construed as referring to permanent investigative employees, who regularly participate in the investigation of criminal acts. In this vein, we conclude that the section 939.01(1) provision *429 for "costs of prosecution" which costs may include "investigative costs incurred by law enforcement agencies," was not intended to include an award of attorney's fees to the state.
Accordingly, the order requiring appellant to pay $195.00 to the State Attorney's Office as cost of prosecution is reversed.
ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Noscitur a sociis refers to the rule which instructs that the meaning of particular terms in a statute may be determined by reference to words associated with them in the passage to be construed, i.e., by considering the meaning which naturally attaches from the context. Carraway v. Armour & Co., 156 So.2d 494 (Fla. 1963); Hawkins v. State, 451 So.2d 903, 907 (Fla. 1st DCA), review denied, 459 So.2d 1040 (Fla. 1984); Thomas v. City of Crescent City, 503 So.2d 1299, 1300 fn. 2 (Fla. 5th DCA 1987).
[2] Ejusdem generis refers to the rule which provides that where general words in a statute follow a designation of particular subjects or classes, the meaning of the general words will be construed as restricted by the particular designation, so as to include only things or persons of the same kind, class, or nature as those specifically enumerated. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Sun Coast International, Inc. v. Department of Business Regulation, 596 So.2d 1118, 1122 (Fla. 1st DCA 1992).