652 So.2d 1192 (1995)
John Wesley BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0062.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
*1193 Richard L. Jorandby, Public Defender, and Frantz Vital and Cherry Grant, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, convicted of burglary of a structure and petit theft, was sentenced to a term of imprisonment followed by a period of probation. He challenges here only restitution, costs and conditions of probation.
At sentencing the court, without a restitution hearing as requested by Appellant, ordered restitution of $600 based on the victim's trial testimony of the amount of damage to the structure and value of the stolen property caused by the burglary and theft. Contrary to Appellant's argument, the court was not required to limit the amount of restitution to $300, the statutory limit for petit theft, where there was other damage or loss caused indirectly by the theft, Peralta v. State, 596 So.2d 1220 (Fla. 5th DCA 1992), or where there was damage or loss caused directly or indirectly by the burglary. Appellant's alternative argument (that the court should not, absent agreement by Appellant, determine the amount of restitution without a hearing when one is requested) has merit. Miller v. State, 603 So.2d 114 (Fla. 4th DCA 1992); Pellot v. State, 582 So.2d 124 (Fla. 4th DCA), rev. denied, 591 So.2d 183 (Fla. 1991).
The costs of prosecution assessed against Appellant should not have included $528.00 attorney's fees to the state. Hill v. State, 618 So.2d 796 (Fla. 2d DCA 1993); Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla. 1993).
The special condition of probation (that Appellant receive a substance abuse evaluation and treatment and bear the cost of same) is invalid because such special condition does not meet the test of Biller v. State, 618 So.2d 734 (Fla. 1993).
Finally, the written order of probation contained special conditions not orally pronounced at sentencing. Upon remand, any special conditions that do not conform to those pronounced at sentencing, other than those authorized by statute, should be stricken. Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993).
The order of restitution, the cost judgment, and the order of probation are severally reversed and remanded for further proceedings consistent herewith.
GUNTHER, FARMER, JJ. and OWEN, WILLIAM C., Jr., Senior Judge, concur.