652 So.2d 974 (1995)
Robert Lee MARSHALL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-2014.
District Court of Appeal of Florida, First District.
April 6, 1995.
Spiro T. Kypreos, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Douglas Gurnic, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Appellant raises two issues on appeal: (1) Whether the trial court erred in denying appellant's motion for judgment of acquittal due to a variance between the proof and information as to the identity of the motor vehicle allegedly car jacked, and (2) whether the appellant's sentence must be remanded for correction to conform to the trial court's oral pronouncement. We find no merit as to the first issue, and affirm without further discussion. We must vacate the sentence, however, because of an inconsistency between the oral pronouncement and written sentence.
In the oral pronouncement of sentence, the judge made the following statement: "[H]e has a 4 1/2 year's suspended sentence, 18 months community control and 11 months and 15 days county jail and 5 years' probation, first 6 months of his community control of CC-2." The defendant was given credit for 191 days served. As written, the 4 1/2 year suspended sentence reads as follows: "[Y]ou are placed on 18 months community control under the supervision of the Florida Parole Commission subject to all the terms and conditions contained in your Order of Community Control, with the first 6 months on Community Control II, followed by 5 years probation on conditions serve 11 months 15 days County Jail with credit for 191 days."
It appears that the intent at oral pronouncement was for the appellant to serve 11 months 15 days in county jail, with credit for 191 days served, prior to his beginning to serve 18 months' community control, which is to be followed by 5 years' probation. The sentence as written, however, seems to require the appellant to serve the 18 months' community control prior to his serving the county jail time.
This court has held that the oral pronouncement of sentence prevails over the *975 written judgment and sentence form. See, e.g., Armstead v. State, 612 So.2d 623 (Fla. 1st DCA 1993). The written sentence must be remanded for correction to conform to the trial judge's oral pronouncement. See Brown v. State, 599 So.2d 225 (Fla. 1st DCA 1992).
ERVIN and MINER, JJ., concur.