QUINCE, Judge.
David Wrenn appeals the judgment and sentence entered upon his conviction for felony criminal mischief. He argues the trial court erred in failing to find a discovery violation and in assessing various costs items. Because we find no violation of Richardson v. State, 246 So.2d 771 (Fla.1971), we affirm the conviction, but strike the imposition of $103.00 for the court improvement fund, and remand to the trial court for a hearing on the costs of prosecution and restitution.
In Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), this court held there is no legal authority for assessment of costs payable to the Hillsborough Court Improvement Fund. Therefore, that cost item is stricken. We also held in Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), that the state must establish the amount of the costs of prosecution prior to imposition by the court. Because no hearing was held on this issue, we must remand to the trial court for the proper determination. Finally, on remand the trial court should again address the issue of restitution. It is clear from the record that appellant asked for a hearing on restitution, and the trial court denied the request. Despite the denial, the court ordered restitution in the amount of $250.00. A hearing should have been conducted. Bell v. State, 652 So.2d 1192 (Fla. 4th DCA 1995).
*616 We affirm the judgment, strike the court improvement fund costs, and remand for a hearing to determine the costs of prosecution and restitution.
FRANK, A.C.J., and ALTENBERND, J., concur.