PER CURIAM.
We affirm appellant’s conviction for DUI manslaughter and sentence of twelve years DOC incarceration, followed by three years probation. However, we reverse the trial court’s imposition of (1) prosecution costs to reimburse state attorneys’ fees, and (2) restitution without a determination of appellant’s ability to pay, and remand.
As for the former imposition, the state’s position is not persuasive. State attorneys’ fees are not recoverable as costs of prosecution under section 939.01(1), Florida Statutes (1991 & Supp.1992). See, e.g., Bell v. State, 652 So.2d 1192 (Fla. 4th DCA 1995); Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla.1993). Section 939.01(1), Florida Statutes, reads:
(1) In all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person.
Based on the language of subsection (1), the Smith court concluded that costs of prosecution are limited to investigative costs incurred by law enforcement agencies and fire departments.
The state asserts that the interpretation of costs of prosecution in Smith, which is the seminal decision in this area, was limited by subsection (9), which reads:
(9) Investigative costs which are recovered shall be returned to the appropriate investigative agency which incurred the expense. Costs shall include actual expenses incurred in conducting the investigation and prosecution of the criminal case; however, costs may also include the salaries of permanent employees.
*696 Thus, the state contends that the definition of costs of prosecution has been broadened by the subsequent addition of subsection (10), which was added after the year of the statute that was applicable in Smith. See, e.g., Bell, 652 So.2d at 1193. Subsection (10) reads:
(10) Costs that are collected by the state attorney under this section shall be deposited into the state attorney’s grants and donations trust fund to be used during the fiscal year in which the funds are collected, or in any subsequent fiscal year, for actual expenses incurred in investigating and prosecuting criminal cases, which may include the salaries of permanent employees.
§ 939.01(10), Fla.Stat. (Supp.1992). More recent eases do not discuss the effect of subsection (10) on the definition of costs of prosecution.
Contrary to the state’s contention that subsection (10) should be read to broaden the Smith court’s definition of prosecution costs, we conclude that the addition of subsection (10) does not affect the holding of Smith. The Smith court’s analysis is based on the language of subsection (1) itself and its reference to investigative costs. This restriction of costs of prosecution to investigative costs incurred by law enforcement agencies and fire departments does not depend upon any reference in subsection (9). This makes sense because although subsection (9) reiterates what can be included as costs, in our view, its function is to inform us where costs recovered are to be returned.
We believe that subsection (10) has a similar function in that it informs us only how those investigative costs collected by the state attorney’s office are to be utilized. A careful reading of this language only indicates that costs collected and deposited into the designated fund can be utilized to pay expenses of prosecution, including salaries of permanent employees of the state attorney’s office. However, this does not say that the costs taxed against the defendant can include attorneys’ fees.
With respect to the question of restitution, because the trial court erred in ordering restitution without a determination of appellant’s ability to pay same, on remand the trial court has the option of either conducting the appropriate evidentiary hearing or striking the restitution provision. See § 775.089(6), Fla.Stat. (1991); Filmore v. State, 656 So.2d 535 (Fla. 4th DCA 1995); McInnis v. State, 605 So.2d 153 (Fla. 4th DCA), rev. denied, 613 So.2d 6 (Fla.1992).
GLICKSTEIN, STONE and WARNER, JJ., concur.