GRIFFIN, Judge.
Volusia County [the “County”] has appealed an order taxing costs in favor of appellee after his acquittal of criminal charges and ordering the County to pay these costs.[1] The costs taxed in this case include expert witness fees and associated expert expenses, video deposition transcripts, travel, copies of documents obtained from the state attorney and service of subpoenas by private process servers. Because we agree with the state that the costs awarded were not authorized by statute, we reverse.
It appears this ease is controlled by Board of County Commissioners v. Sawyer, 620 So.2d 767 (Fla.1993), where the court said that the applicable statute, section 939.06, Florida Statutes, only authorizes a criminal defendant to recover the items expressly referenced in the statute. Section 939.06 provides:
Acquitted defendant not liable for costs— No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
§ 939.06, Fla.Stat. (1993). The supreme court interpreted this statutory reference to “taxable costs” to mean court costs, court fees, any costs or fees of a ministerial governmental office, or any charges for subsistence:
Given its plain meaning, the relevant portion of this statute simply says: No acquitted criminal defendant shall be liable for any court costs or court fees, any costs or fees of a ministerial government office, or any charges for subsistence, and that if such a defendant has paid any of these taxable costs he or she shall be reimbursed by the county. On its face, the statute does not authorize an acquitted defendant to be reimbursed for any additional disbursements. [Emphasis added.]
Sawyer, 620 So.2d at 758. The items taxed in this case plainly do not fall into any of the statutorily authorized cost refund categories as outlined in Sawyer.
We are also unable to accept appel-lee’s argument that certain of these costs are recoverable under section 939.07. That statute applies to indigent and discharged defendants. Although the term “discharged” appears to have a fluid meaning in Florida statutes[2] and may have been interpreted to include defendants who have been acquitted as well as those who have had charges dropped or served their sentence,[3] the lan *605 guage of section 939.06 itself shows that the Florida legislature discerns a distinction between defendants who are discharged and those who are acquitted. Unlike section 939.06, section 939.07 expressly applies to defendants who have been discharged, not to those who have been acquitted. The defendant in this case was acquitted. We do not comment on the logic or fairness of these statutes. We take them as they are written and as they have been interpreted by the high court in Sawyer.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.

.We note that the procedure employed below was not as is described in section 939.06-.08, Florida Statutes (1993), see Pfeifer v. Powell, 498 So.2d 614 (Fla. 5th DCA 1986); nevertheless, since the County has been ordered to make payment, we conclude the County is entitled to appellate review of the order. See Short v. State, 579 So.2d 163 (Fla. 2d DCA 1991). The appealed order in this case is thus unlike Orange County v. Davis, 414 So.2d 278 (Fla. 5th DCA 1982), in which the order followed the statutory scheme.

. See, for example, §§ 939.15 and 951.04, Fla. Stat. (1993).

. See Powell v. State, 314 So.2d 788, 789 (Fla. 2d DCA 1975) ("§ 939.07 provides for the payment of witness costs of an acquitted or discharged defendant....”).