678 So.2d 883 (1996)
Steven MARTINDALE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-2413, 95-2414.
District Court of Appeal of Florida, Fourth District.
August 21, 1996.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
In this appeal from defendant's sentences for probation violations, defendant asserts that there are inconsistencies between the sentences orally pronounced and the written sentences. The state asserts that there are no inconsistenciesboth the oral pronouncements and the written sentences required that appellant receive jail terms with credit for time served and unforfeited gain time.
When a written order is inconsistent with an oral pronouncement, the oral pronouncement generally must prevail unless the oral pronouncement is incorrect due to a clerical error such as in the computation of jail credits. See Harmon v. State, 599 So.2d 754, 756-57 (Fla. 4th DCA 1992). Such an error can occur where the trial court incorrectly calculates jail credit at the time of sentencing, but the written sentence correctly sets forth the amount of time actually served. Id. However, where the intent of the oral pronouncement is not reflected in the written sentence, remand for correction of the written sentence is mandated. See Marshall v. State, 652 So.2d 974 (Fla. 1st DCA 1995).
In this case, we cannot tell from the record before us whether there are inconsistencies between the oral pronouncements and the written sentences. If the amount of time actually served plus unforfeited gain time in Case Nos. 90-315 and 89-460 equals the previously-imposed sentences in those cases of 10 years and 3½ years, respectively, then there are no inconsistencies. If not, then the inconsistencies between the oral pronouncements and the written sentences must be resolved by reference to the trial court's intent at sentencing. If the intent of the trial court was to impose a sentence of 12 years in Case No. 90-315 and 4½ years in Case No. 89-460, and to award appellant only time actually served and unforfeited gain time, then the written sentences accurately reflect the oral pronouncements. If, however, the intent of the trial court was to impose a net sentence of only 2 years in Case No. 90-315 and only 1 year in Case No. 89-460, then the written sentences must be amended to conform to the oral pronouncements.
*884 REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER, C.J., and STONE, J., concur.