STONE, Judge.
We reverse an order directing the state and county to pay private counsel attorney’s fees to Appellee following his acquittal on criminal charges. The trial court lacks authority to enter such an order.
Appellee claims, inter alia, that fairness requires that the state, or county, be held accountable for attorney’s fees incurred by an acquitted defendant that result from the state’s pursuit of unproved charges. Appellant reasons that the failure to reimburse non-indigent acquitted defendants for their private attorney’s fees is unconstitutional discrimination since acquitted indigent defendants have the benefit of appointed counsel. It is undisputed that there is no statute, rule, opinion, or agreement providing for such relief. See Citizens Fed. Sav. & Loan Ass’n of St. Lucie County v. Loeb, Rhoades, Hornblower & Co., 473 So.2d 679 (Fla. 4th DCA 1984) (assessment of attorney’s fees in Florida is allowable only when authorized by statute, contract, or rule). The order is founded upon the court’s application of federal and state constitutional principles of due process and equal protection of law, and upon the court’s view of its inherent jurisdiction to correct an injustice.
Appellee recognizes that he has no right to reimbursement of fees by common or statutory law. Non-indigent acquitted defendants have always been responsible for their own attorney’s fees, even though by statute, acquitted defendants are reimbursed for taxable “costs.” Fla. Stat. § 939.06 (1993). See Goldberg v. Dade County, 378 So.2d 1242 (Fla. 3d DCA 1979); Short v. State, 579 So.2d 163 (Fla. 2d DCA 1991); Hillsborough County v. Martinez, 483 So.2d 540 (Fla. 2d DCA 1986); Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992). See also United States v. Kahan, 415 U.S. 239, 243, 94 S.Ct. 1179, 1181, 39 L.Ed.2d 297 (1974); Glenn v. United States, 303 F.2d 536, 542 (5th Cir.1962); United States v. Allen, 596 F.2d 227, 232 (7th Cir.1979).
We conclude that any disparate treatment in this instance has a rational basis and is therefore constitutionally valid as founded on a rational basis. The rational basis test is applicable here, as patently Ap-pellee’s claim of unequal treatment does not fall within a protected class requiring a higher level of scrutiny. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). The state has a constitutionally rec *1159 ognized obligation to avoid disparate treatment by assuring indigent defendants the opportunity to have counsel; whereas, non-indigent defendants do not, at least as a matter of law, need the state’s assistance for such an opportunity. Therefore, a separate classification here is not arbitrary or unreasonable. It is not necessary for us to cite the myriad of instances in which government provides benefits and services to those with low incomes who are not able to provide for themselves.
We also cannot agree that allowing an innocent accused to bear the cost of exercising a right to counsel constitutes punishment. The Supreme Court has recognized that “the imposition of ... hardships without ultimate conviction is unavoidable in a legal system that requires proof of guilt beyond a reasonable doubt.” See, e.g., Fuller v. Oregon, 417 U.S. 40, 49, 94 S.Ct. 2116, 2122, 40 L.Ed.2d 642 (1974). Neither do we find merit in Appellee’s “mutuality” argument, that an acquitted defendant should recover fees since the state is entitled to seek imposition of costs of prosecution upon a convicted defendant. Cf. Smith.
We recognize that a prosecution is a significant intrusion into an acquitted defendant’s private life. However, a defendant is not totally without recognized remedy for tor-tiously-imposed damages. For example, recourse is available in appropriate circumstances by independent actions for malicious prosecution or under the Federal Civil Rights Act, U.S.C.A. §§ 1983,1985.
We pass no judgment on the assertion that it may be in the public interest to allow recovery of attorney’s fees by acquitted defendants, as such evaluation is more appropriate for the legislature. Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985).
We strike the order granting Appellee’s motion for fees and the order setting attorney’s fees and remand for entry of an amended order in accordance with this opinion.
DELL and SHAHOOD, JJ., concur.