W. SHARP, Judge.
Orange County appeals from an order which granted Courtney Love’s petition for writ of mandamus directed to the county court by the circuit court. We conclude that this cause should have been dismissed for lack of jurisdiction, since Orange County had no standing to file an appeal in the case. However, we opt to write an opinion in this cause, to address a murky area of the law, in the hopes of clarifying the procedure to be followed in later cases.
This cause commenced when Love was charged with two counts of misdemeanor battery, stemming from an incident on June 23, 1995. The criminal trial commenced on November 2,1995 before County Judge Halker. It ended when Judge Halker granted Love’s motion for judgment of acquittal on both counts.
On February 1, 1996, pursuant to section 939.06, Love filed a motion in the county court seeking certification of costs she had incurred in defending the criminal suit ($27,-021.82 later increased to $27,696.55). The costs the court certified were for payments made to the clerk of the court for issuance of subpoenas. Those denied certification were costs incurred for service of subpoenas outside Orange County ($1,809.00), photocopies of records/ exhibits used in court ($862.51), investigation expenses ($5,696.24 ), trial exhibits ($1,038.17), expert witness fees ($15,-268.79), witness and travel fees ($714.43), counsel’s photo-copying expenses ($824.50), counsel’s postage ($300.05), long distance phone calls ($254.13), transcription of trial testimony ($162.50), and witnesses’ travel expense ($522.13).
Because the trial judge declined to certify all of her claimed costs, Love filed a petition for writ of mandamus in the circuit court to compel certification of all costs she had listed in her motion. Together with copies of her pleadings filed in the circuit court, Love sent notice of the hearing date to Orange County. Orange County is ultimately responsible to reimburse the costs allowed under section 939.06. Accordingly, Orange County appeared at the hearing in the circuit court and objected to a majority of the costs claimed.
Following the procedure outlined by Judge Cowart in Orange County v. Davis, 414 So.2d 278 (Fla. 5th DCA 1982), Circuit Court Judge Hauser ruled that the trial judge should certify all of the costs actually incurred by Love in her defense, except those which she conceded before him would not be reimbursable. He explained, as did Judge Cowart in the Davis case, that once the costs are certified, that is not the end of the matter. The certification is presented to the County for payment. At that point, the County conducts an audit and review, and may refuse to pay those items which it believes are not taxable under section 939.06. See § 939.08, Fla. Stat. If Love then disagrees with the County, her recourse is to file suit in the civil court for reimbursement. In that forum, the issue of what costs are or are not taxable, is ripe for determination, and both parties in interest — the one seeking reimbursement (Love) and the party who is being taxed to reimburse (the County) — are before the court.
That is in contrast to what has occurred in this case. Only Love is properly before this court. Orange County is not, nor has it ever been a proper party to the criminal suit, or the mandamus action. Pfeifer v. Powell, 498 So.2d 614 (Fla. 5th DCA 1986). The fact that Love sent the County a notice of the mandamus proceeding was not a proper basis for allowing the County to intervene over Love’s objection. Further, there is no order requiring the County to pay the costs in question. Compare Volusia County v. Carrin, 666 So.2d 603 (Fla. 5th DCA 1996). Thus, the County has no standing to bring this appeal.
The rest of what we say is dictum, but perhaps it will be helpful guidance to resolve *1140 the issue of what costs are or are not taxable under section 939.06. That section provides:
No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. If he shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county.
This court has taken a limited view of what costs are reimbursable under section 939.06. See County of Volusia v. Wolf, 672 So.2d 563 (Fla. 5th DCA 1996), approved, 22 Fla. L. Weekly S192, 703 So.2d 1033 (Fla. April 17, 1997). This court stated in Wolf that the County conceded that witness fees, sheriff expenses and clerk of the court expenses were proper. On review, the supreme court held Wolfs reimbursements were properly limited to witness fees, sheriff expenses and clerk of the court expenses.
This is a broader category than the one suggested by this court in an earlier case, Volusia County v. Carrin. In Carrin, this court held that reimbursement pursuant to section 939.06 was limited to recovery for court costs, court fees, costs or fees of a ministerial governmental office, or charges for subsistence. The defendant in Carrin had sought reimbursement for expert witness fees, associated expert expenses, video deposition transcripts, travel, copies of documents obtained from the state attorney and service of subpoenas by private process servers. In Carrin, this court relied on Board of County Commissioners, Pinellas County v. Sawyer, 620 So.2d 757 (Fla.1993). However, that case simply held that a defendant could not recover investigative costs under the statute.
Since Wolf may indicate that a broader category of costs are recoverable under section 939.06 than the ones we suggested in Carrin, we conclude that Judge Hauser was wise in his decision to require the trial judge to certify all costs “arguably recoverable” under section 939.06. The determination of what is or is not appropriate should be left to the procedure outlined by Judge Cowart in the Davis case.
Appeal DISMISSED.
COBB, J., concurs.
GRIFFIN, C.J., dissents without opinion.