IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHEN VINCENT BARONE,

      Appellant,

 v.                                      Case No.  5D16-1225

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 21, 2017

Appeal from the Circuit Court
for Orange County,
Emerson R. Thompson, Jr.,
Senior Judge.

James S. Purdy, Public Defender, and
Sean Kevin Gravel, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

After careful consideration, we affirm Appellant's convictions of organized scheme to defraud, criminal use of personal identification, grand theft of $100,000 or more, grand theft of $20,000 or more, and two counts of money laundering financial instruments totaling or exceeding $100,000.  We also affirm Appellant's sentences which consist of

several five and ten year concurrent prison terms followed by twenty years probation. However, we reverse the restitution order that required Appellant to pay $508,031.79 to Chase Bank and $56,964.67 to Wells Fargo Bank because it was entered without a hearing and without Appellant's waiver of a hearing. We remand for the trial court to conduct a hearing regarding restitution and for entry of an amended restitution order.

When restitution is sought in a criminal proceeding, the State has the burden of proving a victim's loss by the preponderance of the evidence. *Moore v. State*, 643 So. 2d 2, 2 (Fla. 2d DCA 1994). A trial court should not enter a restitution order without a hearing absent an agreement by the defendant. *See Bell v. State*, 652 So. 2d 1192, 1193 (Fla. 4th DCA 1995) ("Appellant's alternative argument (that the court should not, absent agreement by Appellant, determine the amount of restitution without a hearing when one is requested) has merit." (citing *Miller v. State*, 603 So. 2d 114 (Fla. 4th DCA 1992); *Pellot v. State*, 582 So. 2d 124 (Fla. 4th DCA 1991))).

Below, Appellant specifically objected to the restitution amounts proposed for Chase Bank and Wells Fargo Bank and requested the trial court to conduct a restitution hearing. Although the trial court indicated that a hearing would be permitted, it nevertheless entered the restitution order without conducting a hearing. In *Gardipee v. State*, 620 So. 2d 255, 255 (Fla. 2d DCA 1993), the appellant objected to the amount of restitution being requested by the state during the sentencing hearing. While the trial court stated that the appellant would be permitted a restitution hearing, it was never held. The trial court later entered a restitution order based upon bills submitted by the victim at the sentencing hearing. On appeal, the Second District Court of Appeal reversed the restitution order and remanded for a restitution hearing. *Id.* (citing *Reynolds v. State*, 598

So. 2d 188 (Fla. 1st DCA 1992)).  Due process requires a formal hearing on the amount of restitution.  *L.S. v. State*, 975 So. 2d 554, 555 (Fla. 4th DCA 2008).  We reverse the restitution order and remand with instructions for the trial court to conduct a restitution hearing consistent with section 775.089(6)(a)-(b), Florida Statutes (2016).

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.

PALMER and EVANDER, JJ., concur.