# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3930
Lower Tribunal No. CF20-003654-XX

_____

CHANTHAN SCOTT KHOULEANGHAK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Wm. Bruce Smith, Judge.

July 18, 2025

MIZE, J.

Appellant, Chanthan Scott Khouleanghak ("Defendant"), appeals his convictions and sentences for organized scheme to defraud and trafficking in stolen property. The charges arose from Defendant's perpetration of a scheme to defraud Walmart by purchasing televisions from one Walmart location, placing non-operational televisions in the boxes of the operational televisions, returning the non-operational televisions to different Walmart locations in the boxes from the

operational televisions, and then selling the operational televisions to third parties.[1] The scheme involved Walmart locations in thirty-nine counties in Florida as well as locations in multiple other states. Defendant asserts multiple arguments on appeal, only one of which merits discussion.

At Defendant's sentencing hearing, the State requested restitution in the amount of $318,496.44, to which Defendant objected on the ground that the amount sought by the State included losses incurred by Walmart that were not caused by the conduct that was the subject of the charges of which the Defendant was convicted.[2] The trial court overruled Defendant's objection and ordered him to pay restitution in the amount of $318,496.44, for which he would be jointly and severally liable with his co-defendants.

Defendant correctly argues on appeal that once he objected to the restitution amount, the trial court was required to hold an evidentiary hearing to determine the correct amount. Florida Rule of Criminal Procedure 3.720(e) states: "At the sentencing hearing, the court must make a determination if restitution is applicable. The amount and method of restitution is to be determined as provided by law." The law that governs restitution in criminal cases is Section 775.089, Florida Statutes.

---

[1] Defendant acted with multiple other co-defendants to perpetrate the scheme to defraud Walmart.
[2] Specifically, Defendant asserted that some of the losses were attributed to conduct that occurred in other states.

Section 775.089(6)(a) provides: "The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense." Section 775.089(7)(b) then provides, "Restitution must be determined on a fair market value basis unless the state, victim, or defendant shows that using another basis, including, but not limited to, replacement cost, purchase price less depreciation, or actual cost of repair, is equitable and better furthers the purposes of restitution." Lastly, Section 775.089(7)(c) states in pertinent part, "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."

The fact that a defendant may be heard on the proper amount and type of restitution and that any dispute regarding same must be resolved based on the preponderance of the evidence necessarily requires an evidentiary hearing for the court to determine the proper amount of restitution. And indeed, applying Section 775.089, our sister courts have repeatedly held that where a defendant objects to the restitution sought by the State, the trial court must hold an evidentiary hearing to determine the restitution amount. *See, e.g.*, *State v. Dixon*, 308 So. 3d 1121, 1123 (Fla. 2d DCA 2020); *Barone v. State*, 222 So. 3d 1235, 1236 (Fla. 5th DCA 2017); *L.S. v. State*, 975 So. 2d 554, 555 (Fla. 4th DCA 2008).

Thus, once Defendant objected to the amount of restitution sought by the State, the trial court was required to hold an evidentiary hearing to determine the

amount of the restitution.  The trial court erred by failing to do so.  The portion of Defendant's sentence ordering restitution is reversed, and this case is remanded to the trial court to conduct an evidentiary hearing to determine the amount of restitution.  Defendant's convictions and the remainder of his sentence are affirmed.

AFFIRMED in part; REVERSED in part.

TRAVER, C.J., and GANNAM, J., concur.

Blair Allen, Public Defender, and Sharon Morgan Vollrath, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Natalia Reyna-Pimiento, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED