# Third District Court of Appeal
## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1699
Lower Tribunal No. 25-54352-SP-26
_____

**Arista Floral Corporation,**
Appellant,

vs.

**HP Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Ft. Lauderdale), for appellant.

Morgan, Lewis & Bockius LLP, and Brian M. Ercole and Melissa Marie Coates, for appellee.

Before, GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Cornfeld v. Plaza of the Americas Club, Inc., 306 So. 3d 1136, 1139 (Fla. 3d DCA 2020) ("[A] trial court's award of costs is reviewed by appellate courts for an abuse of discretion.  However, to the extent the issues involve statutory construction or the legal determination of whether and what costs may be awarded at all, our standard of review is de novo." (citations omitted)); Lee v. Animal Aid, Inc., 388 So. 3d 25, 31 (Fla. 4th DCA 2024) ("It goes without saying that non-attorneys proceeding pro se are not entitled to an award of attorney's fees." (citing  Kay v. Ehrler, 499 U.S. 432, 435 (1991))); Schultheis v. Schultheis, No. 3D23-1250, 2026 WL 516519, at *1 (Fla. 3d DCA February 25, 2026) ("[Costs are] an allowance to a party of expenses incurred in the successful transaction or defense of a suit. [Attorney's fees are] compensation to an officer for services rendered in the progress of the cause." (citations omitted)); Short v. State, 579 So. 2d 163, 164 (Fla. 2d DCA 1991) ("The fact that the defendant requested reimbursement of his attorneys' fees as 'taxable costs' does not transform fees into costs."); FLOPRO, LLC v. EOX Tech. Sols., Inc., 375 So. 3d 904, 905 (Fla. 4th DCA 2023) ("[L]egal research is not recoverable as a taxable cost.  Nor is postage, which is an office expense.  Parking, mileage, and meals should also be deducted from the cost award." (citations omitted)); Centex-Rooney Const. Co., Inc. v. Martin Cnty., 725 So. 2d 1255, 1261 (Fla.

4th DCA 1999) ("[M]eals (other than business meals), equipment, postage and freight, equipment maintenance, printing, communication charges, temporary help, documents processing, graphics and similar administrative expenses were improperly taxed as costs.").